## Doss *v.* Craig.

Unlawful detainer — *demand for possession.* In an action for unlawful detainer under section 5, chapter 35, Revised Statutes, 333, the plaintiff must aver and prove a demand in writing for possession of the premises which he seeks to recover.

*The omission to make such demand* is not cured by plea of title in defendant nor by verdict.

### Error to Probate Court, Pueblo County.

THE information was filed by Craig in the probate court of Huerfano county and thence removed to Pueblo county by change of venue. Complainant alleged that he was the owner of certain agricultural lands in the county of Huerfano, and that he was in possession of them on the 1st day of February, 1866, at which time he let and demised the same to plaintiff in error for and during the period and term of one growing season or year, which period and term expired on the 1st February, 1867. He further alleged that plaintiff in error held over and detained the said lands, but nothing was averred as to a demand in writing or otherwise. A demurrer to the information was overruled, and defendant below pleaded the general issue and title in himself, upon which issues were joined. At the trial, defendant below asked the court to instruct the jury that "if they believed from the evidence that the defendant did not enter upon the premises alleged in bad faith, and that no notice or demand in writing to quit the premises alleged in plaintiff's complaint, and to deliver the premises and possession thereof to plaintiff, his agent or attorney, or any one for him, was made, in writing, of the defendant, his agent, or any one for him, by the plaintiff, his agent or attorney, or any one for him, they will find for defendant," which being refused, defendant excepted.

Mr. A. A. BRADFORD, for plaintiff in error.

Mr. W. F. STONE, for defendant in error.

EYSTER, J. (after stating the facts). In order to maintain a suit under the act it is absolutely. and essentially necessary that the plaintiff shall have first made a demand in writing for the delivery of the premises in question. Until this is done he can have no relief under the statute. This being the law, it was the duty of the plaintiff, if such demand was

made, to set it out in his petition as a substantial fact, as required in section 11 of the act. He does not make any such averment in his petition, and of it the defendant complains. It was contended by the defendant in error that the defendant's plea of title in himself was a waiver of any such right to a written demand for the possession of the premises. This is not the law in this case. A party may, by a plea of title in himself, waive a right to notice of the determination of a tenancy, but in this proceeding a demand in writing for the possession of the premises in controversy is widely different from a notice to terminate a tenancy. It was intended by the legislature by such notice to give the defendant an opportunity to surrender the possession and avoid expensive litigation. It is analogous to the demand required in replevin, and as it relates to the possession of lands, the legislature made it more formal, and provided that it must be in writing. Time is not material, it may be made a month or a day before action brought, but it must be made and it must be in writing. A demand, formal according to all of the requirements of the law, and set out in writing, if read to the party, is not sufficient. It must be made in writing and left with the party or it is no demand. 24 Minor, 192. A party cannot be guilty of wrongful detainer until after this demand has been made upon him. Nor was it cured by the verdict. It is of so important a character in this proceeding that no judgment could be rightly rendered against defendant unless it was alleged in the petition, or the absence of it expressly waived. The judgment of the court below is reversed.

*Reversed.*