CURD ET AL. v. FARRAR & WHEELER ET AL.

1. **Forcible Entry and Detainer**: EQUITABLE JURISDICTION: LAND-LORD AND TENANT. A tenant against whom judgment in an inferior court has been rendered in an action of forcible entry and detainer is not entitled to an injunction restraining the execution of process under the judgment on the ground of an intention to appeal from the judgment, when no appeal in fact has been taken.

2. ——: ——: ——. During the existence of the injunction the acceptance of rent by the landlord was not an admission of the continuance of the lease beyond the time when the landlord claimed, in the action of forcible entry and detainer, that it had expired.

*Appeal from Scott Circuit Court.*

FRIDAY, DECEMBER 15.

ACTION for an injunction to restrain the issuance and execution of an order of removal in pursuance of a judgment in an action of forcible entry and detainer. The plaintiffs show, in

their petition, that they were lessees of the defendants, Farrar & Wheeler; that before the expiration of their lease Farrar & Wheeler obtained a judgment against them in an action of forcible entry and detainer; that the plaintiffs were about to be removed from the premises unless the defendants should be enjoined; that in case they should be removed they would sustain irreparable injury; that they propose appealing in the action of forcible entry and detainer to the Circuit Court. They ask for an injunction restraining the defendants from removing them until the appeal can be disposed of. An injunction having been granted the defendants moved to dissolve it on the ground that the petition shows on its face no equity, and makes no case authorizing the court to interfere with the process or execution of a process of an inferior court. The court overruled the motion, and from the order overruling it the defendants appeal.

*Stewart & White*, for appellants.

*Clark & Heywood*, for appellees.

ADAMS, J.—I. Whether a defendant in an action of forcible entry and detainer, against whom judgment is rendered and

1. FORCIBLE ENTRY AND DETAINER: EQUITABLE JURISDICTION: LANDLORD AND TENANT.

who has taken an appeal from the judgment, is entitled to an injunction to restrain the issuance and execution of an order of removal during the pendency of the appeal, upon a showing that he will sustain irreparable injury if such order is executed, we need not determine. No appeal appears to have been taken in this case. The appellees state merely that they propose to appeal within the time allowed by law. We think that the issuance and execution of the order of removal should not have been restrained upon an averment of a mere intention to appeal. No issue could properly be taken upon such averment, and it is not a matter of course that the issuance and execution of the order should be restrained until the time given by law for taking an appeal should expire.

Again: The plaintiffs do not show, in their petition, that they made any such answer in the action of forcible entry and

detainer, as, if true, would have entitled them to a judgment. The only ground of defense which they claim to have had is that their lease extended to the 1st of September, 1876, and the action of forcible entry and detainer was brought in June of that year.

There is no averment that that defense, or any other, was made. The appellants in their argument say that the first time that the appellees claimed that their lease ran to September 1, 1876, was upon the hearing of the motion to dissolve the injunction in this action. In the absence of any averment that such claim was made earlier we must presume that it was not. The presumption is in favor of the correctness of the judgment of the justice. Presuming, then, that the appellees had no good defense except the one now mentioned in their petition, and that they failed to set up that defense in the action of forcible entry and detainer, a court of equity cannot relieve them.

II. It has been made to appear to us that, since the order of the court below refusing to dissolve the injunction, the appellants have accepted rent from the appellees for a period subsequent to the time when the appellants claim that the lease expired. The appellees claim that the appellants, by thus accepting rent, have acknowledged the validity of the lease during the period for which the rent was paid, and that the appeal, therefore, should be dismissed; but the appellants could not properly be understood, under the circumstances, as accepting the rent under the lease. The appellees were kept in possession by the injunction. The appellants claimed, and still claim, that the appellees were wrongfully thus kept in possession. The receipt of rent was entirely consistent with such claim, because the appellants were entitled to the rent in any event.

REVERSED.