## No. 9019.

### WERTZ v. LAWRENCE.

1. DEFAMATION—*Words—Actionable.* A charge of insanity falsely asserted against one employed as a teacher of the public schools is actionable *per se.*

2. *Privileged Occasion.* Such a charge made to those having no authority to remove the teacher, and owing no duty in that respect to the accuser, is not privileged.

3. *Damages—Mitigation of.* Evidence of extravagancies in the conduct of the teacher are to be considered in mitigation of damages.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

*Department One.*

Mr. CHARLES M. CORLETT, Mr. GEORGE M. CORLETT, Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Opinion by Mr. Justice Teller.

DEFENDANT in error had judgment for $1,100 in an action against plaintiff in error for slander, and the cause is now before us on error.

The plaintiff in the action was teaching school in a district in which the defendant resided, and they had trouble over an alleged unduly severe punishment of defendant's children.

The complaint alleged injury to plaintiff by reason of a false and malicious charge made by defendant that plaintiff was insane, the charge having been made to a man and his wife who had a child in the school taught by plaintiff. It was also alleged that defendant stated to said persons that plaintiff might kill their child if allowed to go to school to her.

The answer admitted that defendant had said he thought plaintiff "acted like she was crazy"; denied that the statement was made with malice; and alleged that it was made in good faith to a co-patron of the school, for the purpose of protecting the children of said school. It set out at some length the acts of plaintiff which induced said belief; and alleged that said statement was privileged, and that it was true.

Error is assigned on an instruction to the effect that the charge of insanity as made in the case was actionable *per se,* entitling plaintiff to compensatory damages, unless the charge of insanity was proved.

There is no error in the instruction, since the charge of insanity affected the plaintiff in her profession as a teacher. It imputed to her a mental condition which wholly unfitted her for the duties of a teacher. Moreover, the defendant directly stated that she was unfitted for the position which she then held. The words used were, under these circumstances, actionable without proof of special damages. 25 Cyc. 337; and *Moore v. Francis et al.,* 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. 810.

The court instructed the jury that the defendant could present but two defenses—one that he did not make the alleged statements; and the other that the statements were true.

The defense as submitted by the instructions was confined to these two matters. Defendant introduced evidence that the plaintiff had very severely punished several of her pupils; and that she threatened defendant with a heavy iron poker when he visited the school to protest against the punishments inflicted. There was evidence also of acts on the part of plaintiff which defendant testified had been reported to him which led him to believe that she was mentally unbalanced.

Plaintiff testified that she repeated to others the charge made by defendant: "I talked with everybody about it whenever I wanted to. I told them what Mr. Wertz said.

I advertised it all I could.  *  *  *  I talked only to my friends."

There was no error in the ruling that the communication was not privileged. It was made to those who had no authority to remove the teacher, and who owed no duty to defendant in that respect. The communication could have no direct effect in bringing about a correction of the evil of which defendant complained.

It is further contended that the court erred in giving the following instructions:

"Occurrences at school can only be considered by you for the purpose of determining the truth or falsity of these allegations which the plaintiff claims were made against her by defendant."

This covered practically all of the testimony concerning acts of the plaintiff which defendant claimed led him to believe that she was insane.

It is evident that a jury would find damages in a larger sum, in case the charge were clearly wanton and malicious, and made without apparent cause, than they would in a case where there were reasons for a belief by the defendant that the charge was true, though such belief was not well founded. The evidence of plaintiff's actions went to the question of defendant's good faith in making the charge of insanity, and should have been considered in mitigation of damages. *Republican Pub. Co. v. Mosman,* 15 Colo. 399. The instruction was erroneous and prejudicial to defendant.

The judgment is accordingly reversed.

Judgment reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.