## No. 9894.

### PERRY, ET AL. *v.* WHITE.

Decided November 8, 1920.

Action to recover possession of leased real estate. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. PLEADING—*Complaint—Action for Possession of Real Property.* In an action for possession of real property under chap. 23 of the code, a complaint is insufficient which lacks the allegation, that the plaintiff is entitled to possession, which is required by sec. 286.

2.     *Complaint—Forcible Entry and Detainer.* A complaint under the forcible entry and detainer act, where the only breach is failure to pay rent, is deficient, if it does not show three days' notice in writing requiring in the alternative the payment of rent or possession of the premises.

3. LEASE—*Construction a Question for the Court.* What a lease contains is a question for the court and ought not to be submitted to a jury for determination.

4. EJECTMENT—*Termination of Lease—Action for Rent.* A suit in ejectment by a landlord against a lessee is an irrevocable elec-

tion to declare the lease terminated. A suit, for rent which accrues subsequent to such termination, cannot be maintained and the receipt of rent after suit is instituted does not revoke the forfeiture.

5. LANDLORD AND TENANT—*Action for Mesne Profits or Damages.* The remedy open to a landlord for rent of premises after termination of a lease is an action for mesne profits or damages.

While these might be recovered under code chap. 23, they cannot be in an action of forcible entry.

6.      *Receipt of Rent—Waiver of Forfeiture.* If a landlord by mistake of fact or law, demands and has judgment for more rent than he is entitled to receive, he does not by that alone waive the forfeiture, to enforce which was the very purpose of his suit.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. SAMUEL FREUDENTHAL, for plaintiffs in error.

Mr. J. A. JARAMILLO, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was an action to recover possession of certain premises in Aguilar, Las Animas County, leased by the plaintiff to the defendants. There was a trial by jury, plaintiff had a verdict and judgment for possession and $400 rent; defendants bring error and ask for supersedeas.

One of the assignments of error is that the defendants' demurrer to the amended complaint was improperly overruled. A careful consideration of the matter forces us to the conclusion that this assignment is good.

The original complaint was filed in February, 1920, and in substance was as follows: First, That the defendants were partners, etc. Second, That on or about March 11th, 1918, plaintiff leased to the defendants, by written agreement, certain premises, describing them, for the agreed rental of $100 per month, payable monthly in advance, which defendants agreed to pay. Third, That defendants

entered into possession and have not paid the rent for four months, amounting to $400. Fourth, That the plaintiff was the owner and seized in fee of the above described premises; Fifth, That the defendants are in possession and "unlawfully withhold the same although having been notified in writing to surrender and vacate said premises." Prayer for judgment for $400 rent, $1,000 damages, general relief and possession of the premises.

Upon motion of defendants the court required the plaintiff to make his complaint more definite and certain by including therein the notice and stating the time of its service. The record does not show that anything was done pursuant to this order except to file the notice or a copy thereof with the Clerk of the Court.

Paragraphs 4 and 5 would indicate that the pleader intended the action to be under Chap. 23 of the Code; but it is insufficient for that purpose because it lacks the allegation that the plaintiff is entitled to possession, which is required by § 286.

The complaint was also insufficient under the forcible entry and detainer act because, the only breach being failure to pay rent, it fails to show "three days notice in writing * * * requiring in the alternative the payment of the rent or the possession of the premises," required by subd. 4 of Sec. 4 of the chapter on forcible entry and detainer.

The court instructed the jury that if they believed from the evidence that the lease contained certain provisions they should find so and so. This was of course erroneous. What the lease contained was a question for the court. Moreover, in this case the lease did not contain the provisions recited in the instruction.

It is urged by the plaintiffs in error that the lessor waived forfeiture of the term by asking during the trial for rent which accrued after the notice of the termination of the tenancy, and it is also claimed that the court erred in not granting a new trial upon the defendants showing that after the verdict the plaintiff had brought suit against

the defendants in another (the county) court to recover rents accruing after the notice of termination, claiming that by bringing such suit the plaintiff had waived the forfeiture.

We do not think these points are well taken. It has been held upon what seems to us unanswerable argument that a suit in ejectment by a landlord against the lessee is an irrevocable election to declare the lease terminated, and that suit for rents which accrue subsequent to such termination cannot be maintained and the receipt of rent after such suit begun does not revoke the forfeiture: *Jones v. Carter*, 15 M. & W. 718.

Conversely, it was held that the bringing of a suit for rent was an irrevocable election to waive the forfeiture. *Dendy v. Nicholl*, 4 C. B. N. S., 376; 27 L. J. C. B., 6 Weekly Reporter, 502; 93 E. C. L. 376.

It follows that neither the claim for rent made during the trial of this cause nor the suit in the county court, waived the forfeiture.

Since the notice shown in the evidence terminated the tenancy upon February 1st, we think the allowance of a recovery of February rent was erroneous. There can be no rent *eo nomine* where there is no tenancy. The landlord in such case is left to his action for mesne profits or damages. While these might be recovered in an action under Chapter 23 of the Code they cannot in the action of forcible entry. *Robinson v. Crummer*, 5 Gilman, 218.

It is perhaps difficult to determine, in the light of these two English cases, the effect of the demand and recovery of four hundred dollars rent in this suit itself, but we are inclined to the opinion that if the plaintiff, by mistake of fact or law, demanded and had judgment for more rent than he was entitled to he did not by that alone waive the forfeiture to enforce which was the very purpose of his suit.

We think it must be said that the demand and the judgment were upon the theory that the February rent was "due and payable at the time of the commencement of the action," under G. S. § 2614, in which case they would not be

a recognition of the continued existence of the lease and so not a waiver, even though, as we hold, that rent was not then due and payable.

Plaintiffs in error claim that they have tendered the rent and so in equity have tolled the forfeiture; but we think no tender is shown.

The case must be reversed and remanded for further proceedings not inconsistent with this opinion, with leave to the plaintiff to amend his complaint.

MR. JUSTICE TELLER and MR. JUSTICE BAILEY concur.