## No. 9711.

### WERTZ v. LAWRENCE.

Decided February 7, 1921.

Action for slander.   Judgment for plaintiff.

*Affirmed.*

1. SLANDER—*Evidence.*  In an action for slander, evidence with reference to a prosecution for lunacy instituted by the defendant, is relevant on the questions of good faith and malice.

2. APPEAL AND ERROR—*Instructions—Exceptions.*  Error based on instructions will not be considered where the abstract of record contains no exceptions to the giving of such instructions.  Rule 7.

3. SLANDER—*Publication.*  Further publication by the plaintiff of the slander is no defense.

4.     *Probable Cause.*  Probable cause is no justification in an action for slander.

5.     *Damages—Proof.*  Falsely charging a school teacher with insanity is actionable *per se,* and proof of specific damages is unnecessary.

6.     *Excessive Damages.*  A verdict for $1500 in an action for slander, not disturbed as excessive.

7. TRIAL—*Argument of counsel.*  Failure to specifically instruct the jury to disregard portions of the argument of counsel, is not ground for reversal, where there is evidence, though very slight, upon which the fact could be claimed to be as assumed by counsel in his argument.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NETA Lawrence brought suit against John Wertz with one count for slander, charging her with insanity, and a second for malicious prosecution, the institution of lunacy proceedings against her. Upon the first trial the second count was abandoned and the plaintiff had verdict and judgment for $1100 upon the first count. That judgment was reversed in this court. 66 Colo. 55, 179 Pac. 813. At the second trial the plaintiff had a judgment for $1500, against which the present writ of error is prosecuted.

Plaintiff in error claims that the evidence of witnesses Moniger, Miller and Wilson, with reference to the prosecution for lunacy, was erroneously admitted, because it referred to an abandoned cause of action. The only objection to it which we find in the abstract is that it would burden the record by proving facts that were admitted, not that it was irrelevant to the issues; however, the evidence was relevant to the issues on the first count as to good faith and malice, and the court in the instructions restricted it to those issues.

The court, in stating the issues to the jury, referred to statements in the second cause of action concerning humiliation and distress of mind, as if they were a part of the first cause of action, and it is now claimed that this was a submission of the second cause of action to the jury. The instructions taken as a whole are very clear that no such submission was made, and we find no exception to the instructions, on this ground, in the abstract of record. See Rule 7.

The defendant requested the court to instruct the jury that if the plaintiff gave publicity to and further published what defendant had said of her mental condition she could not have a verdict. The court refused the instruction, we think correctly. No authority is cited and we know of no such law.

The defendant also asked, in effect, for an instruction

that if the defendant had reasonable ground to believe the plaintiff was insane, and in good faith did believe it when he made the charge, the plaintiff could not recover. This instruction was refused. Probable cause is justification in malicious prosecution, but not in slander. 25 Cyc. 321, 413-416 and cases cited.

It is claimed no damages were proved, but the charge is actionable *per se*. *Wertz v. Lawrence*, 66 Colo. 55, 179 Pac. 813.

It is claimed the damages were excessive. We cannot say so. The jury had better opportunity to judge than we.

In argument, counsel for plaintiff referred to a matter which, it is claimed, was not shown by the evidence. The defendant's counsel objected and asked the court to instruct the jury to disregard this remark. The court admonished the counsel for the plaintiff to "confine his argument to the evidence," and was obeyed. The failure to specifically direct the jury to disregard what had been said is urged as ground for reversal but we cannot regard it so. There was evidence, very slight, but evidence, upon which counsel for plaintiff had a right to claim the fact to be as he assumed it to be.

The judgment should be affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.