No. 14,049.

BARLOW ET AL. *v.* HOFFMAN ET AL.
(86 P. [2d] 239)

Decided December 19, 1938.

Mr. A. R. MORRISON, for plaintiffs in error.

Mr. FRED S. CALDWELL, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE defendants in error recovered a judgment for over $2,000 against the plaintiffs in error Barlow and National Oil Corporation, who bring the judgment here for review.

Barlow was lessee in a written lease granted in June, 1933, for a term of five years by one A. G. Hoffman as lessor of a filling station. The stipulated rent was $70 a month for the first three years and $80 a month for two years thereafter. On June 28, 1934, the agent of the defendants in error I. H. Hoffman and L. E. Hoffman, assignees of the said A. G. Hoffman as to his interest in

the lease, served a notice to quit under subdivision "Fourth" of section 4, c. 70, '35 C. S. A. being section 6369, C. L. '21. The notice demanded overdue rent in the sum of $393 or, as an alternative, possession of the premises. The agent thereupon instituted an action of unlawful detainer. This action for some reason was dismissed, without prejudice, months after its commencement. It does not appear that the dismissal was due to any mistake of law or of fact on the part of the lessor. The complaint in that proceeding had alleged the demand and the election to terminate the tenancy. While this allegation, in view of the dismissal, does not constitute an estoppel of record, the present record shows conclusively that the lessee was undoubtedly in arrears with his rent, and the tenancy was properly terminated by the notice and demand prescribed by the statute for this express purpose.

Immediately after dismissal of the unlawful detainer action, the present case was instituted to recover rent alleged to have accrued both before and after the termination of the lease.

The district court tried the case and entered judgment against Barlow accordingly for the amount purporting to represent not only the rent due under the lease at the time the lease was terminated, but also—on the theory that the lease continued in force—rent thereafter. The National Oil Corporation was held liable, ostensibly on a written guaranty of the lessee's performance of the contract, for the full amount irrespective of the termination of the lease.

A number of alleged errors are assigned. Most of the assignments are without merit. One, however, was directed against the trial court's exclusion of evidence offered by Barlow concerning the reasonable rental value of the filling station; Barlow's contention being that the lease had been terminated by the lessor's notice and that the tenancy from then on was a mere tenancy by sufferance or at will with an obligation to pay thereafter not the

290

rent provided by the lease, but whatever the use of the premises was reasonably worth. The court's contrary ruling was prejudicial error. The lease having been brought to an end, the recovery of the stipulated rent as such should have been limited to July 1, 1934, the date on which the termination became effective.

At one time Barlow claimed—and he expressly pleaded in the unlawful detainer action, dismissed as above mentioned—that he had seasonably tendered the rent actually due at the time the notice was served upon him, but it is clear from the evidence that, if there was a tender, it was of an insufficient sum, namely, $301.39. Counsel for the Hoffmans shows that the amount, according to his calculations, adopted by the trial court, was $330.08. The claim of a proper tender must therefore fall. Of course the dismissed unlawful detainer case was not res judicata against Barlow, nor could it bind him to the position he took in that case, dismissed as it was without prejudice. Such a tender, if properly made and kept good, would of course have rendered the attempt to terminate the lease utterly ineffectual, as being the equivalent of payment of the amount due, and the later action now before us for review would, in the event of such a tender, have been proper on the basis of an unbroken continuance of the lease, for rent both before and after the attempted termination. That, however, is not the present case.

We do not overlook the contention of the defendants in error that their notice was void because it demanded an excessive sum. Such an error, however, is immaterial. *Perry v. White,* 69 Colo. 234, 193 Pac. 543.

Nor have we overlooked the further contention of the defendants in error that, inasmuch as the action of unlawful detainer originally instituted was voluntarily dismissed without prejudice, they are not bound by the attempted termination of the lease. Such dismissal without prejudice did not undo what had been done by serving the statutory notice and demand. The most that could be claimed would be that, in spite of this sort of dismissal,

another action not inconsistent with the termination effected by the notice and demand might be brought against the plaintiffs in error. The service of the notice and demand for the express purpose of terminating the lease—even apart from its being reinforced and emphasized as that service was by the commencement of the unlawful detainer action—constituted an election of remedies. After the service the defendants in error have no right to ignore it, or to bring an action based on any other theory than that the lease was terminated. They cannot blow both hot and cold.

■ As to the effect of dismissals "without prejudice," compare: *Bates v. Skidmore,* 170 Ill. 233, 236, 48 N. E. 962, 963; *O'Keefe v. Irvington Co.,* 87 Md. 196, 198, 39 Atl. 428; *Cole v. Fagan,* 108 Miss. 100, 101, 66 So. 400; *Raleigh Co. v. Barnes,* 143 Miss. 597, 600, 109 So. 8, 9. As stated in the last cited case: "The only effect of the words 'without prejudice' in the order by which the first suit was dismissed is to prevent the dismissal of that suit in operating as a bar to any new suit which plaintiff might therefore desire to bring on the same cause of action. * * * The dismissal of a suit without prejudice 'does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the complainant [planitiff] * * *.' *Nevitt v. Bacon,* 32 Miss. 212, 66 Am. Dec. 609."

■ The lessor's notice to terminate the contract of lease here is analogous to a notice which one who is a party to any terminable contract gives in order to rescind it at law, as distinguished from equity. It is the act of notifying which constitutes the election. Such a disaffirmance inhibits a subsequent attempt to affirm and again bring the contract into force. The language in subdivision "Fourth" of section 4, c. 70, '35 C. S. A., here involved and cited at the beginning, is clear: "Provided, it shall not be necessary, in order to work a forfeiture of such agreement [between landlord and tenant], for non-payment of rent, to make a demand for such rent on the day

on which the same becomes due; but *a failure to pay such rent, upon demand, whenever made, shall work a forfeiture."* (Italics are ours.)

Another proposition advanced by the defendants in error is that the lease could not be legally terminated because by its express terms the lessor had received a deposit of $500 which was to be applied to rent for the last eight months of the five-year period. It is plain that such a security could not deprive a landlord of his right to forfeit a lease if currently accruing rent should, as here, become overdue.

The lease having been terminated as shown, the tenant would thereafter be liable in Colorado merely for mesne profits or damages, but not for rent as rent. *Perry v. White, supra.* In the absence of the framing of special issues by the pleadings on the subject of damages for the period following the termination, the recovery would normally be the reasonable value of using the premises for the period during which Barlow continued in possession—whether that value be more or less than the stipulated rent, or the same—an item not covered by the lease. This point, as already explained, was duly made by the plaintiffs in error in the trial court and should have been sustained.

Much is said, in the petition for rehearing and the supporting briefs filed by the defendants in error, about the law applicable to *evictions of tenants* by landlords, and many cases are cited. A cursory examination discloses that they are not relevant to the discussion of the facts and the law involved in the case at bar.

For the reasons stated, the judgment will be reversed and the case remanded for a new trial in harmony with this opinion: first, on the issue of the amount of the recovery against Barlow, taking due account of the items for which Barlow may be entitled to credit as set forth in his amended answer, and, secondly, because of the indefiniteness of the record in relation to the $500 deposited with

the lessor by the lessee, on the further issue of the proper application of, and accounting for, this deposit.

Moreover, since the plaintiff in error National Oil Corporation's liability under its guaranty is solely in connection with the lease, the judgment against it will be for whatever balance is found to be due from Barlow for the period ending June 30, 1934, less all proper credits in Barlow's favor; but it must omit all damages, if any, accruing against Barlow after the termination of his tenancy on said date. Such damages are not chargeable against the guarantor.

The granting of a rehearing in this case automatically withdrew the opinion originally handed down in department. In the light of the arguments presented to the court en banc, both by briefs and orally, the original opinion has been revised and amplified, the disposition being the same as before.

Judgment reversed with directions.

Mr. Justice Hilliard dissents.

Mr. Chief Justice Burke and Mr. Justice Holland not participating.