## BELL v. WESTBROOK.

### No. 443.

Municipal Court of Appeals for the District of Columbia.

Dec. 12, 1946.

Rehearing Denied Dec. 19, 1946.

George L. Hart, Jr., of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal arises from a suit for possession of commercial property at the expiration of a term lease. At the conclusion of plaintiff's case the trial court granted defendant's motion to dismiss and thereupon entered judgment for defendant. Plaintiff prosecutes this appeal.

Plaintiff is the owner of the premises in question. During 1945 he entered into personal negotiations with defendant, and they agreed upon the terms of a lease. In the presence of defendant he thereupon telephoned Thomas J. Fisher and Company, his real estate agent, and directed that firm to prepare the lease. A written lease in accordance with such agreement was entered into between defendant and the real estate firm for the rental of the property for eight months "to end, without notice, December 31, 1945," at $125 a month. Plaintiff did not sign this lease, nor did his name appear upon it.

January 1, 1946 being a legal holiday, on January 2, 1946 the present suit was filed by plaintiff in his own name. In the complaint defendant was described as a "tenant by sufferance," but the ground upon which possession was sought was described as "Term lease on business premises for period of 8 months expired December 31, 1945." On January 3, 1946, Thomas J. Fisher and Company wrote defendant returning her check for $125, which had been tendered as rent, and adding, "You were notified more than 30 days ago that possession of that premises would be expected by the owner January 1, 1946." Rent at $125 a month was subsequently tendered each month through April 1946 and returned by the real estate agent.

Before this landlord and tenant action came to trial, defendant sued plaintiff in the United States District Court for the District of Columbia alleging that the parties had entered into an oral contract of lease for the premises for five years from January 1, 1946, and praying for specific performance of such oral agreement. In connection with the District Court suit a temporary restraining order was issued restraining plaintiff from proceeding further with the Municipal Court action. Defendant was required to post the usual bond for a temporary restraining order. On May 11, 1946, the District Court made written findings of fact and conclusions of law. It found that the five-year oral lease had not been made as alleged, and that "the reasonable rental value" of the premises since January 1, 1946, was $187.50 per month, and concluded that the temporary restraining order should be dissolved, and that plaintiff was entitled to recover from this defendant a total of $1,025 with interest "as damages for the wrongful suing out of the temporary restraining order." Judgment in accordance with the findings was entered by the District Court on June 14, 1946. The judgment for $1,025 was paid to plaintiff out of the bond under the decree. Thereafter the Municipal Court case proceeded to trial.

Plaintiff urges reversal upon the following grounds: (1) That the trial court erred in holding that plaintiff as owner

was not the proper party to sue. (2) That the trial court erred in holding that plaintiff could not commence this suit without first giving a 30 days' notice to quit. (3) That the trial court erred in holding that plaintiff had waived his right to maintain this action by accepting rentals in the form of the damages awarded by the District Court. (4) That the trial court erred in holding that the written lease did not contain a waiver of a 30 days' notice to quit.

■ We have concluded that plaintiff is correct in each of his first three contentions. These conclusions make it unnecessary to discuss the fourth point. We think it clear that the owner, under the circumstances of this case, was entitled to sue in his own name regardless of the fact that the expired lease had been made in the name of the owner's real estate agent. The applicable statute, Code 1940, 11—735, provides in part: " * * * Whenever any tenant shall unlawfully detain possession of the property leased to him, after his tenancy therein has expired * * * it shall be lawful for the municipal court, on complaint under oath, verified by the person aggrieved by said unlawful detention or by his agent or attorney, having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of the possession." As we said in J. & J. Slater v. Brainerd, D.C. Mun.App., 43 A.2d 714, 715, "He (the owner) is certainly 'a person aggrieved' by tenant's unlawful detention of the property." In Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861, 862, which was a landlord and tenant case, the United States Court of Appeals for the District of Columbia said: "We shall assume, for the purposes of this case, and in the absence of any statute to the contrary, that when a civil contract is made with an agent for an undisclosed principal in the agent's own name, either the agent or the principal may sue upon it." Here, since the lease was made by the agent for a disclosed principal, it is even clearer that the principal is a proper party plaintiff in a suit for possession. It is unnecessary for us to decide whether the agent could also have brought the action.

■ We also conclude that it was proper to file this suit without first giving a 30 days' notice to quit. This is specifically provided by the District of Columbia Code, Code 1940, 45—901, reading as follows: "When real estate is leased for a certain term no notice to quit shall be necessary, but the landlord shall be entitled to the possession, without such notice, immediately upon the expiration of the term." The term in this case expired December 31, 1945; the following day, January 1, 1946, was a legal holiday, and hence the suit could not have been filed on that date, and it was filed on January 2. The statute, therefore, was complied with literally.

■ Defendant argues, however, that this was a tenancy by sufferance, and hence required a 30 days' notice to quit. In support of this position she urges, first, that in the complaint plaintiff called her a tenant by sufferance and, second, that she became a tenant by sufferance by continuing in possession after the expiration of the term. Neither of these positions is well taken. Strictness of pleading is not required in landlord and tenant proceedings, and, in any event, the descriptive words "tenant by sufferance" represent a legal conclusion and parties are not bound by legal conclusions in pleadings except on principles of estoppel, and there is no element of estoppel here. The Code itself, Code 1940, 45—820, among the definitions of estates by sufferance includes the provision that " * * * Where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like * * * shall be deemed estates by sufferance." One of the necessary elements, therefore, is that the tenant holding over "pays rent and the like." Here, although the tenant offered rent, the offer was rejected. Defendant also urges that plaintiff accepted "rent" by accepting the damages awarded by the District Court for the wrongful suing out of the temporary restraining order, and that, in any event, such damages are included in the word "like" in the phrase "rent and the like" in the statute. Neither po-

sition is supportable. The holding over after the expiration of the lease was against the will of plaintiff. The acceptance of the damages for the unlawful detention of the premises awarded by the District Court was in no sense an acceptance of rent or the like within the meaning of the statute.[1] To permit a tenant to remain in possession of property against the will of the owner after the expiration of the lease, to continue in such possession under an injunction obtained by the tenant and subsequently dissolved, and then to claim that a tenancy had been created by the acceptance of damages for the wrongful suing out of the temporary restraining order, would be contrary to every conceivable legal principle. We hold, therefore, that no tenancy was created by the holding over, and hence that no notice to quit was required. What we have said regarding the acceptance of the damages for the wrongful suing out of the temporary restraining order as acceptance of rent applies with equal force to defendant's contention that it constituted a waiver of plaintiff's right to sue for recovery of the property. There was no such waiver.

Reversed.

[1] Curd v. Farrar, 47 Iowa 504; see also Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239. 120 A.L.R. 552; Trammell v.

Estep, D.C.Mun.App., 42 A.2d 501; 32 Am.Jur. "Landlord and Tenant" § 1004.