543 P.2d 1278 (1975)
John V. TUMBARELLO, Plaintiff-Appellant,
v.
Verne BYERS, Individually and d/b/a Robin's Nest, Defendant-Appellee.
No. 74-519.
Colorado Court of Appeals, Div. I.
October 23, 1975.
Rehearing Denied November 13, 1975.
*1279 Belfor, DeMouth & Lapin, P. C., Victor E. DeMouth, Lakewood, for plaintiff-appellant.
Lutz & Gilbert, Harold D. Lutz, Arvada, for defendant-appellee.
Selected for Official Publication.
BERMAN, Judge.
Plaintiff-lessor brought this unlawful detainer action against the defendant-tenant seeking to terminate a written lease entered into between plaintiff and defendant, and to foreclose on a companion security agreement. The alleged grounds for the termination were default in payment of rent, inadequate maintenance of the premises, and failure to provide liability insurance *1280 in violation of provisions of the lease. At the conclusion of plaintiff's evidence, in a trial to the court, the court granted defendant's motion to dismiss, and this appeal followed. We affirm.
Prior to the commencement of this action, plaintiff sent a "Demand for Possession of Premises" to defendant which, as pertinent to the issues at trial, stated:
"You are hereby notified pursuant to [the unlawful detainer statute, now § 13-40-104, C.R.S.1973] that . . . you shall vacate said premises for breach of the agreement of lease . . . as follows:
1. Failure to pay rent when due;
2. . . . failed to maintain and keep the premises in good repair;
* * * * * *
Within three (3) days of the time this notice is served upon you, you shall vacate . . . ." (emphasis added)
Defendant paid, within three days, the rent he owed plaintiff to plaintiff's attorney. The trial court found the rent payments to be "tendered current" to date.
A notice sent for alleged default in rental payment, under § 13-40-104 (1) (d), C.R.S.1973, must include, in the alternative, a demand for payment within three days or possession of the premises. And, the "failure to pay such rent upon demand, when made, works a forfeiture." Section 13-40-104(1)(d), C.R.S.1973; Perry v. White, 69 Colo. 234, 193 P. 543; and see Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239. However, forfeitures are not favored. Beck v. Giordano, 144 Colo. 372, 356 P.2d 264.
Here, since the notice did not demand, in the alternative, payment within three days or possession, it was insufficient to work a forfeiture for nonpayment of rent. And, since the notice was defective, whether tender of the overdue rent to plaintiff's attorney was sufficient to constitute tender to plaintiff is irrelevant. Hence, the trial court did not err in refusing to terminate the lease for an alleged default in rental payments.
As a second basis for terminating the lease, plaintiff alleged an addition had been built on the premises without his consent contrary to the lease. However, the lessor's consent is required only for "signs, awnings, marquees, or other structures projecting from the exterior of the premises.. . ." Under the lease, the lessee is permitted to "make such improvements or additions to the existing improvements as he may elect . . . without the consent of the Lessor. . . ." Plaintiff himself characterized the change in the premises as "a room addition, exterior and interior."
Leases, like other contracts, are to be reasonably construed according to the apparent intention of the parties. Ruston v. Centennial Real Estate & Investment Co., 166 Colo. 377, 445 P.2d 64. While a room addition is, in a sense, within the definition of "other structure projecting from the exterior," such an interpretation would render these two clauses inconsistent. This court will not presume such an inconsistency to have been intended by the parties where a different construction will give effect to both clauses. See Consolidated Oil & Gas, Inc., v. Superior Oil Co., 157 Colo. 86, 401 P.2d 89; Katz v. Williams, 239 Md. 355, 211 A.2d 723. Therefore, we construe the lease term "other structure" as referring to structures similar to those enumerated, i. e., sign, awning, marquee, and not a room addition; hence, plaintiff's consent was not required for such addition.
Again, as another ground for termination, plaintiff testified that he had not received a liability insurance policy which the tenant agreed to procure under the lease. The terms of that provision of the lease, however, provide that if the lessee does not keep such insurance in force, the lessor may procure the necessary insurance *1281 and the premium shall be repaid as an additional rental.
Where the lease fully embraces the subject of the dispute, unequivocally states the parties' intent, and is the document under which the lessor acts to enforce his rights, he is bound by the agreement. Ruston v. Centennial Real Estate & Investment Co., supra. Thus, termination of the lease pursuant to this clause would be justified only if the defendant refused to pay the additional rental after the lessor had purchased the insurance. Gierash v. Babiarz, 336 Ill.App. 223, 83 N.E.2d 183 (abst. only).
Finally, although the premises were in need of repair, the court found that they were not in good condition at the time the lease was commenced and that the tenant was making some efforts to improve them; therefore, the court found no violation of the tenant's obligation to maintain and keep the premises in good repair. Plaintiff contends, however, that the tenant was estopped from showing that the conditions at the time of the lease were contrary to the clause in the lease which states: "Lessee agrees to accept the premises on possession as in good state of repair and in sanitary condition." We find no estoppel here.
The evidence presented on the condition of the premises prior to the lease was elicited from plaintiff and from plaintiff's witnesses upon questioning by the court and upon cross-examination by defendant's counsel. Plaintiff did not object to the introduction of this evidence, and therefore it was proper for the trial court to consider the condition of the premises at the commencement of the lease. C.R.C.P. 15(b); Motlong v. World Savings and Loan Ass'n., 168 Colo. 540, 452 P.2d 384.
We have examined plaintiff's other contentions of error and find the above discussion dispositive of them.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.