COWELL SALES COMPANY, a Colorado Corporation, Plaintiff-Appellee,

v.

Phil AIGNER, a/k/a Phillip R. Aigner, Defendant-Appellant.

No. 80CA1014.

Colorado Court of Appeals, Div. II.

April 30, 1981.

Rehearing Denied June 4, 1981.

Certiorari Granted Oct. 19, 1981.

Knight & Schneider, Phyllis G. Knight, Denver, for plaintiff-appellee.

A. Daniel Rooney, Aurora, for defendant-appellant.

STERNBERG, Judge.

The issue in this appeal is whether service of a 3-day notice on a tenant who is delinquent in rent constitutes an election by the landlord to terminate the lease thus doing away with the tenant's obligation to pay rent for the balance of the term. We hold that it does not and, therefore, affirm the judgment of the district court.

When defendant Phillip R. Aigner, the tenant, was delinquent in rent, the landlord, plaintiff Cowell Sales Company, served a standard form "Demand for Payment of Rent or Possession." The form reads in pertinent part as follows:

"You are hereby notified that the undersigned landlord of the hereinafter described premises demand that you shall, within three days of the time this notice is served upon you, either pay . . . the amount now due by you, for rent for said premises from May 1, 1979, to May 31, 1979, which you occupy as tenant . . . or deliver to the undersigned the possession of said premises."

The tenant moved out within the 3-day period, returned the keys to the landlord, and left the premises vacant. The landlord placed a "for rent" sign on the property and relet it some 3 months later.

We agree with the trial court that, under the terms of the lease, the landlord's retaking of possession did not terminate the lease so as to relieve the tenant of his obligation to pay rent. Also, the trial court's finding of *fact* that retaking of possession did not constitute a termination of the lease, being supported by evidence in the record, is binding on review. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970). Therefore, the tenant was obligated under his covenant in the lease to pay rent for the full term, unless, as happened here, the landlord leased the premises to another. The controlling language of the lease is:

"It is further mutually agreed, that in case said premises are left vacant and any part of the rent herein reserved be due and unpaid, then the landlord may, without in anywise being obliged so to do, *and without terminating this lease*, re-

take possession of said premises and rent the same for such rent and upon such conditions as the landlord may think best, making such changes and repairs as may be required ... and *said tenant shall be liable for the balance of the rent herein reserved* until the expiration of this lease." (emphasis added)

The trial court properly interpreted the documents. The demand for payment or possession neither states nor implies that the obligation to pay rent under the lease will be waived if the tenant vacates. Significantly absent is any statement suggesting that the lease will be terminated if the tenant vacates. On the contrary, the lease contains specific language that retaking possession does not terminate the lease. *See McArthur v. Rostek*, 483 P.2d 1351 (Colo.App.1971) (not selected for official publication); *Grolier Society, Inc. v. International Realty Co.*, 482 P.2d 394 (Colo.App. 1971) (not selected for official publication).

To interpret the documents as the tenant urges would be to disregard the language used by the parties to express their intent, and would place a lethal weapon in the hands of tenants who wish to break long-term leases: A tenant so motivated would merely have to skip one month's rent, gratefully accept the landlord's notice to pay or get out, move out, and thereby escape his contractual obligation.

*Barlow v. Hoffman*, 103 Colo. 286, 86 P.2d 239 (1938), relied upon by the tenant is distinguishable on its facts. While the contents of the notice and demand and the controlling language of the lease are not set forth in the opinion, the *Barlow* court stated that the landlord served a notice and demand "for the express purpose of terminating the lease." That is not the case here. *Cf. Ruston v. Centennial Real Estate & Investment Co.*, 166 Colo. 377, 455 P.2d 64 (1968).

The judgment is affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting:

I respectfully dissent.

In applying landlord tenant remedies we must distinguish between traditional property concepts and contract concepts and then analyze the factual situation to which these concepts are to be applied. The territorial legislature of Colorado adopted the common law concept that a landlord's remedy for unpaid rent was a suit for rent due. Further, the territorial legislature, in holdover situations, required that a landlord who wished to regain possession of the premises serve a written demand for delivery thereof upon the tenant. *Doss v. Craig*, 1 Colo. 177, 179 (1869). In *Doss*, the court said that the legislative intent was to give the tenant an opportunity to surrender possession and thereby avoid expensive litigation.

The legislation now controlling landlord-tenant relationships was adopted in 1885. The specific statute here involved is § 13–40–104(1)(d), C.R.S. 1973. A defaulting tenant during the term of a lease is not guilty of unlawful detention until the landlord chooses to force the issue by serving a three day notice demanding, alternatively, possession or rent. The law does not allow the landlord to work a forfeiture of the tenant's possessory rights absent written demand and the alternative rights set forth in the statute.

When a defaulting tenant, prior to service of a three day notice, vacates or abandons the premises, a landlord may retake possession of the property and pursue his contractual rights. *See Carson v. Arvantes* 10 Colo.App. 382, 50 P. 1080 (1897); *Grolier Society, Inc. v. International Realty Co.*, 482 P.2d 394 (1971) (Not Selected For Official Publication); *Tumbarello v. Byers*, 37 Colo. App. 61, 543 P.2d 1278 (1975).

In Colorado, service of notice pursuant to § 13–40–104(1)(d), C.R.S. 1973 constitutes an election of remedies in law by the landlord which terminates the lease unless the notice is rendered ineffective by payment or tender of the rent. *Barlow v. Hoffman*, 103 Colo. 286, 86 P.2d 239 (1938). *See also* Nelson & Tudor, *Landlord Remedies* 5 Colo. Lawyer 1257 at 1260 (1976).

We find no reported case in Colorado allowing the collection of rent after surrender due to receipt of a three day notice. Nelson and Tudor, *supra*, question whether a clause so providing would be enforceable. Such a clause would be contrary to the policy which encourages peaceful surrender of leased property.

Once a lease is terminated by notice and surrender of possession, absent a clause in the lease holding the tenant liable for rent in spite of termination, the tenant's liability is limited to mesne profits or damages. Where special damages do not exist, the landlord is entitled to recover the reasonable value of the use of the premises during the period the tenant continues in possession after termination of the lease. The stated rent may be used as evidence of damages, but the landlord may not recover rent as rent after the lease has been terminated. *Barlow v. Hoffman, supra.*

Here, as in *Barlow, supra,* the landlord demanded overdue rent, or as an alternative, possession of the premises pursuant to the unlawful detainer statute, § 13–40–104(1)(d), C.R.S. 1973. Further, here as in *Barlow supra,* the landlord sued for rent due prior and subsequent to termination. The notice served in this case is identical to the one served in *Barlow.* Because the tenant vacated on May 5, the landlord's recovery is limited to the rent due on that day.

The cases cited by the landlord are inapposite in that they deal with possession regained after vacation, surrender, or abandonment by the tenant but prior to service of a three day notice. In that circumstance, the question of termination is one of the landlord's intent in accepting the tenant's surrender of the premises. *See, e. g., Ruple v. Taughenbaugh,* 72 Colo. 171, 210 P. 72 (1922). Such is not the case here.

The majority bases its opinion on a clause in the lease which gives the landlord the right to retake possession of vacated or abandoned premises without terminating the lease and to rerent the premises on behalf of the tenant. That clause applies only when the tenant unilaterally vacates or abandons the premises and the landlord does not accept the premises as a surrender. The lease does provide that when the tenant refuses to pay or vacate after notice, "the landlord may . . . repossess the premises . . . without prejudice to any remedy allowed by law . . . ." Since the tenant promptly vacated within the notice period, the sole remedy of the landlord under the lease is termination thereof.

I would reverse the judgment and remand the cause to the trial court to enter judgment for the landlord in an amount reflecting the rent due on May 5, 1979.