Ernamarie T. **WILLIAMS** and Henry
D. Williams, Plaintiffs-Appellees,

v.

**COLORADO SPRINGS COLLEGE OF
BUSINESS, INC., and Donald L.
Pedrie, Defendants-Appellants.**

No. 85CA0731.

Colorado Court of Appeals,
Div. III.

March 5, 1987.

Kettelkamp & Brown, P.C., Kirk P. Brown, Pueblo, for plaintiffs-appellees.

Frederick W. Newall, Colorado Springs, for defendants-appellants.

STERNBERG, Judge.

*Colorado Springs Business College, Inc.,* and Donald P. Pedrie (tenants) appeal a trial court judgment which held them liable to Henry and Ernamarie Williams (landlords) for unpaid rent. We reverse and remand with directions.

The landlords own a building which they leased to the tenants by a written lease agreement commencing in 1976. After the tenants exercised an option to renew, the term was extended to September 1, 1981. A month before that date, the landlords wrote to the tenants reminding them of the expiration date, and inquiring about their intentions. Subsequent meetings revealed that Pedrie was attempting to sell the business school located on the premises, and was unwilling to bind the school to a new long term lease. Thereafter, the landlords notified the tenants, in writing, that should they continue to occupy the building after expiration of the term of the lease, the monthly rent would be increased from $3,000 to $6,000. The tenants continued to occupy the building, and no written agreement was executed.

The events that followed are disputed. The landlords claim Pedrie acknowledged the rent increase, informed them he was unable to pay it, but orally agreed to pay it when funds were available. The landlords

also assert that Pedrie agreed to execute a promissory note for the indebtedness, but later refused to sign the note because his attorney had not approved it. The tenants deny that they ever agreed to pay the increased rent.

It is undisputed that the tenants continued to pay $3,000 monthly for rent until March 1, 1982, when a new tenant took over. The landlords deposited checks for these payments; however, some of them have a notation of "on a/c" which the landlords explain as denoting "on account" and which was put on the checks at their request to serve as notification that the increased rent had not been waived. The tenants explain the notations as relating to the specific business account to which the check relates.

Sometime prior to March 1, 1982, the school was sold. The new owner entered into a new lease agreement with landlords but declined to pay the claimed past due rent. This action followed.

In an amended complaint, landlords alleged, *inter alia,* that the lease had been renewed with a modified rental amount. The tenants did not answer the amended complaint; however, their answer to the original complaint denied that the lease had been renewed.

After a bench trial, the court found that the tenants were liable for the increased rent because they continued to occupy the building after being notified of the rent increase. On appeal, they assert that the trial court's finding ignores the clear provisions of the lease. We agree.

The lease contains a "holdover" clause which provides:

"17. It is mutually agreed that if after the expiration of this lease, the Lessee shall remain in possession of such premises, without a written agreement as to such holdings, then such holding shall be deemed and taken to be holding upon a tenancy from month to month at a monthly rental payment of Two Thousand Four Hundred Dollars and No Cents ($2,400.00), all other terms and conditions of this lease remaining the same."

At trial, tenants stipulated that the monthly amount under this provision had been increased to $3,000 when the option to renew the lease was executed. The lease also contains a provision which relates to modification as follows:

"20. No amendment or modification of this lease shall be valid or binding unless expressed in writing and executed by the parties hereto in the same manner as the execution of this lease."

The trial court did not specify whether tenants were liable as holdovers or as parties to a renewed lease. This distinction is significant because the law applicable to each situation differs.

When a tenant holds over without objection, after being notified by his landlords of a specific increased rent, the tenant is deemed to have consented to the increased rental. *Reithman v. Brandenburg,* 7 Colo. 480, 4 P. 788 (1884). On the other hand, when a party seeks to enforce a lease which fully embraces the subject of the dispute and unequivocally states the parties' intent, the lessor is bound by the agreement. *Tumbarello v. Byers,* 37 Colo. App. 61, 543 P.2d 1278 (1975).

The trial court precluded the tenants from asserting the holdover clause as a defense because it had not been raised in the answer to the amended complaint; however, the issue was listed in the pretrial order. Hence, if the trial court's judgment is based on the law applicable to holdovers, it may not stand and the matter must be remanded for a new trial at which tenants' contentions regarding the holdover clause should be addressed.

On the other hand, if the judgment is based on the conclusion that the lease had been renewed, the judgment as entered cannot stand because the lease requires all amendments and modifications to be in writing. That provision of the lease cannot be ignored. *See Tumbarello v. Byers, supra.*

However, a provision requiring modifications to a contract to be in writing can be waived orally or by conduct. *See*

*Colorado Investment Services, Inc. v. Hager,* 685 P.2d 1371 (Colo.App.1984); *Cordillera Corp. v. Heard,* 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd,* 200 Colo. 72, 612 P.2d 92 (1980). Therefore, on remand the trial court must determine whether this provision has been waived.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

VAN CISE and CRISWELL, JJ., concur.