**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Thomas P. McGRATH,
Defendant–Appellant.**

**No. 87CA1008.**

Court of Appeals of Colorado,
Div. IV.

Oct. 26, 1989.

Rehearing Denied Nov. 24, 1989.

Certiorari Denied June 18, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Guy Till, and Robert M. Pertrusak, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Thomas P. McGrath, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree felony murder, aggravated robbery, and first degree aggravated motor vehicle theft. We affirm in part, reverse in part, and remand for a new trial.

One morning, as two cars drove slowly next to each other on a Denver street, shots were fired from one of the cars. Defendant and his co-defendant, Eric Davis, were the sole occupants in that vehicle, which they had stolen earlier. The shots killed the driver of the other car, which then stopped. One of the occupants of the defendant's vehicle went to the victim's car, and took approximately $11,500. The victim was transporting the week-end receipts from his employer's restaurant to the bank for deposit.

At trial, defendant contended that Davis fired the shots which killed the victim. Defendant, relying upon the felony murder statute, § 18–3–102(1)(b), C.R.S. (1986 Repl. Vol. 8B), tried throughout his testimony to demonstrate that he could not be guilty of felony murder because the victim had been a participant in an alleged plan to commit theft by stealing the restaurant's money. Section 18–3–102(1)(b), C.R.S. (1986 Repl. Vol. 8B) does not include theft as one of the crimes upon which a conviction may be based. The statute also excludes the death of a participant as a basis for the conviction.

The prosecuting attorney did not make a motion in limine to exclude testimony of a plan between the defendant and the victim; but the prosecutor did object several times to defendant's testimony on this subject, and the court sustained the objections. Nevertheless, on a significant number of occasions the People did not object to this testimony, which was, therefore, admitted. The People did not move to strike this admitted testimony.

Consequently, defendant testified that: (1) he and the victim "talked about stealing money from" the restaurant; (2) he and Davis discussed a "plan" which included

participation by the victim; (3) he, Davis, and the victim were going to cooperate in stealing the restaurant's money; (4) the victim acted in accordance with the plan; (5) the defendant did not plan to rob the victim; (6) the plan called for the victim to give defendant and Davis the money in such a manner as to make it appear that the victim had been robbed; (7) the plan did not include the victim's death; and (8) the three of them planned to split the money.

On appeal, defendant argues, among other things, that the trial court deprived him of an opportunity effectively to present his theory of defense. Conversely, he argues that enough evidence of this theory was admitted to warrant submission of a jury instruction thereon.

The People respond that defendant's proposed testimony on his theory of defense was correctly excluded because it was inadmissible hearsay and cross-examination of the victim on the alleged plan was not possible. The People also argue that enough of the defendant's story was admitted in evidence so that he was not denied the opportunity to present an effective defense. Nevertheless, they contend that the evidence of the defendant's theory was too scanty to necessitate a jury instruction on it.

We conclude that the trial court should have permitted the defendant to present his defense more fully, but that enough evidence of the defendant's theory was admitted at trial to support a jury instruction. Furthermore, the court erred in precluding defendant from arguing to the jury the victim's alleged participation in the crime.

## I.

■ The defendant first argues that the trial court erred in preventing him from effectively testifying concerning his and the victim's alleged plan to fake a robbery. We agree.

Whether rooted directly in the due process clause of the Fourteenth Amendment or in the compulsory process or confrontation clauses of the Sixth Amendment, the U.S. Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.E.2d 636 (1986). Colorado law has also recognized that in a criminal case a defendant is entitled to all reasonable opportunities to present evidence which might tend to create a doubt as to his guilt. *People v. Bueno,* 626 P.2d 1167 (Colo.App.1981). And, as a corollary to these principles, restrictions on a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve. Therefore, in analyzing the evidentiary arguments made by the People, we must bear in mind that there are compelling constitutional protections which permit a defendant to explain his defense. *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.E.2d 37 (1987).

In *People v. Spring,* 713 P.2d 865 (Colo. 1985), *rev'd on other grounds,* 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1988), the court held that the accused is entitled to testify to statements of decedent and others if such statements explain defendant's actions and, if true, may provide a defense. In so ruling, the *Spring* court stated:

"[T]he defendant is entitled to present evidence corroborating his own testimony about his actions and mental state...."

Therefore, under the Colorado Supreme Court's ruling in *People v. Spring,* it was error here to exclude defendant's testimony about statements of the victim as they corroborate defendant's testimony about his actions and mental state in perpetration of a theft rather than a robbery. *See also People v. Green,* 38 Colo.App. 165, 553 P.2d 839 (1976) (it is prejudicial error to deny a defendant the right to present any corroborative testimony on a material issue.)

■ Furthermore, defendant's testimony is admissible under the Colorado Rules of Evidence. CRE 803(3) allows admission of statements of a declarant which show the state of mind of the declarant as to plan, intent, or motive. Since the statements here of defendant and the victim are rele-

vant to plan, intent, or motive, they should have been admitted. *See People v. Madson*, 638 P.2d 18 (Colo.1981). Hence, the proffered testimony was not barred by the hearsay rule, and the court erred in not allowing defendant to testify fully about the alleged plan between himself and the victim, including his report of the victim's statements.

The People argue that defendant's failure at trial to refer explicitly to CRE 803(3) as the appropriate hearsay exception precludes that claim here. However, the record reflects that defense counsel, without referring to the exact hearsay exception number, adequately identified this exception as a basis for the admission of the testimony.

■ Nor is defendant's testimony barred because the victim is not available for cross-examination on the alleged plan. The Sixth Amendment right of confrontation applies only to the accused and not to the People. *See People v. Nunez*, 698 P.2d 1376 (Colo.App.1984).

■ Thus, it was crucial to defendant to tell his version of the events: his entire defense was that he was not guilty of felony murder because the victim had been one of the participants in the crime of theft, rather than robbery, and that theft is not one of the enumerated offenses to which the felony murder statute applies. *See* § 18–3–102(1)(b), C.R.S. (1986 Repl.Vol. 8B). His testimony concerning conversations with the victim were, in effect, the only means by which he could establish that defense. Moreover, defendant was effectively the only witness available to present this evidence.

The evidence that was presented on the plan was admitted largely because of the People's failure continually to object, and as a result, it was incoherent, disjointed, incomplete, and difficult to follow. Therefore, the trial court committed reversible error in not providing the defendant with a meaningful opportunity to present his defense. *See People v. Spring, supra.*

## II.

Defendant next argues that the trial court erred by refusing to instruct the jury on his theory of the case and by prohibiting him in closing argument from arguing the victim's participation in the crime. We agree.

■ Once evidence, even if arguably excludable, is admitted without objection and retained without a motion to strike, the jury is generally free to consider it. *General Federal Construction, Inc. v. D.R. Thomas, Inc.*, 52 Md.App. 700, 451 A.2d 1250 (1982). *See Realty Loans, Inc. v. McCoy*, 523 P.2d 476 (Colo.App.1974) (not selected for official publication.)

■ Although the trial court neither allowed defendant to present his version of the facts in a coherent and thorough fashion nor allowed defendant's counsel to argue this theory to the jury, substantial portions of defendant's testimony in this regard were admitted without objection and without a motion to strike. Thus, the fact finder was entitled to consider it. *See Schluter v. Burlington Ditch, Reservoir & Land Co.*, 117 Colo. 284, 188 P.2d 253 (1947); *Tumbarello v. Byers*, 37 Colo.App. 61, 543 P.2d 1278 (1975).

■ Therefore, the trial court erred in refusing to instruct the jury on defendant's theory of the case. *See People v. Weiss*, 717 P.2d 511 (Colo.App.1985). Nor could the trial court refuse to give the instruction simply because it was poorly drafted. *See People v. Fuller*, 756 P.2d 390 (Colo.App. 1987).

■ Furthermore, once this evidence was admitted, counsel for defendant should have been allowed to comment on it in his closing argument. *See Wertz v. Lawrence*, 69 Colo. 540, 195 P. 647 (1921).

We determine defendant's other claims are without merit.

Therefore, the judgment is reversed as to the felony murder and armed robbery convictions, and the cause is remanded for a new trial on these charges. The judgment of conviction of first degree aggravated theft of a vehicle is affirmed.

PLANK and REED, JJ., concur.