## Abstract of the Decision.

1. JUDGMENT, § 349*—*when bond given on interlocutory order granting injunction without notice against collection of judgment is invalid.* Where the bond given on an interlocutory order grant-· ing, without notice, an injunction, which restrains, among other things, the collection of certain judgments obtained by defendant against complainant, does not provide for the payment of such judgments in the event that the injunction is dissolved, such bond is in violation of Hurd's Rev. St. ch. 69, sec. 8 (J. & A. ¶ 6168).

2. JUDGMENT, § 349*—*who has right to assess damages where interlocutory order granting injunction is reversed on appeal.* Where an interlocutory order granting an injunction is reversed on appeal, the assessment of defendant's damages is for the chancellor and not for the Appellate Court.

---

## Robert W. Dunn, Appellee, v. Seig Natenberg and B. Natenberg, Appellants.

## Gen. No. 23,272.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917.

## Statement of the Case.

Action by Robert W. Dunn, plaintiff, against Seig Natenberg and B. Natenberg, defendants, to recover money deposited by plaintiff's assignor with defendants to secure the performance of the promises made under a lease made by defendants to plaintiff's assignor. The evidence showed that prior to the expiration of the term of the lease defendants sued for and recovered possession from plaintiff's assignor for nonpayment of rent. There was a verdict and judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment for plaintiff for $1,843.10, from which defendants appeal.

BERNARD J. BROWN, for appellants.

CHARLES J. MONAHAN, for appellee; ROBERT W. DUNN, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 279*—*when lease is terminated.* Where a lessor elects to take advantage of his legal right to terminate a lease for failure to pay rent and the lessee is dispossessed by due process of law, the lease is thereby terminated and the contractual relation between the lessor and lessee is dissolved.

2. LANDLORD AND TENANT, § 274a*—*when lessor not entitled to retain deposit as liquidated damages for breach of lease.* The provision in a lease that a sum of money deposited by the lessee with the lessor to secure the performance of the terms and conditions of the lease shall, in the event of a breach of such terms and conditions, be retained by the lessor as liquidated damages on account of such breach does not entitle the lessor to retain such amount where the lessee has been dispossessed for nonpayment of rent, at the suit of the lessor, before the expiration of the term.

3. LANDLORD AND TENANT, § 274a*—*when evidence as to expenditures by lessor is inadmissible in action by lessee to recover deposit.* In an action by a lessee against a lessor to recover a sum of money deposited with the latter by the lessee to secure the performance of the terms of the lease, evidence of expenditures by the lessor in remodeling the property is inadmissible, though such expenditures were made to secure the execution of the lease, where the lease contained no provision for reimbursing the lessor for them.

4. LANDLORD AND TENANT, § 274a*—*when evidence as to closing of property is inadmissible in action by lessee to recover deposit.* In an action by a lessee against a lessor to recover a sum of money deposited with the latter to secure the performance of the terms of the lease, where the evidence shows that the lessee was dispossessed at the suit of the lessor for nonpayment of rent, evidence of damage to defendant by reason of the closing of the property is properly excluded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.