M. Kandl, Appellant, v. Norman N. Kandl, Appellee.

Gen. No. 34,682.

Opinion filed March 24, 1931.

SNYDER, McGUIGGAN & SWEENEY, for appellant; DAVID SNYDER and ARTHUR V. GOEBEL, of counsel.

PEDDERSON & ANDREWS, for appellee; JOHN E. PEDDERSON, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On February 20, 1930, plaintiff caused a judgment by confession for $318 to be entered in the municipal court against defendant upon a written lease for rent claimed to be due to plaintiff, as lessor, for November and December, 1929, and January, 1930, at $90 per month, or $270. The balance of the judgment, $48, is

for attorney's fees. The lease, dated March 22, 1929, is signed by plaintiff, "by Draper and Kramer, Inc., agents," and by defendant as lessee, and demises for the stated term a certain described residence apartment in a building in Chicago. On June 26, 1930, on defendant's motion, supported by his verified petition, the judgment was opened and the petition ordered to stand as an affidavit of merits. On the same day the cause was heard without a jury on a verbal stipulation of facts, resulting in the court finding the issues against plaintiff, and ordering that the confessed judgment be vacated and set aside. Plaintiff prosecutes the present appeal from the judgment order vacating the confessed judgment.

One of the paragraphs of the lease is as follows:

"*Sixteenth.* The obligation of Lessee to pay the rent reserved hereby during the balance of the term hereof, or during any extension hereof, shall not be deemed to be waived, released or terminated (nor shall the right and power to confess judgment given in clause 'fifteenth' hereof be deemed to be waived or terminated) by the service of any five-day notice, other notice to collect, demand for possession, or notice that the tenancy hereby created will be terminated on the date therein named, the institution of any action of forcible detainer or ejectment or any judgment for possession that may be rendered in such action, or any other act or acts resulting in the termination of Lessee's right to possession of the demised premises. The Lessor may collect and receive any rent due from Lessee, and the payment or receipt thereof shall not waive or affect any such notice, demand, suit or judgment, or in any manner whatsoever waive, affect, change, modify or alter any rights or remedies which Lessor may have by virtue hereof."

It is alleged in defendant's petition that he was made a defendant in a forcible detainer suit, instituted by plaintiff in the municipal court of Chicago on

November 5, 1929; that upon the trial of the suit on November 12, 1929, without a jury, the court entered judgment in plaintiff's favor for possession of the premises in question; and that in the present action judgment by confession was entered on February 20, 1930, on the lease against defendant for rent for November and December, 1929, and January, 1930, etc.

It is further alleged in the petition that the forcible detainer suit was brought after defendant had received a communication, dated October 31, 1929, and signed by Draper and Kramer, plaintiff's agents, to the effect that in the future they would expect payment of the monthly rent of the apartment to be made on the first day of each month, beginning November 1, 1929; that four days thereafter, on November 5, plaintiff, without giving any further notice, instituted the forcible detainer suit; that thereafter defendant went to Draper and Kramer's office and tendered the November, 1929, rent to them, but "they refused to accept the money,"—informing defendant that they had been so instructed by plaintiff and also instructed "not to accept any rent for said apartment"; that on November 19, 1929, one week after the judgment for possession had been entered in the forcible detainer suit, defendant received another communication from plaintiff's attorneys to the effect that he (defendant) "would be allowed to remain in possession, *provided* he pay the November rent together with court costs, amounting to $8"; but that defendant, when he received the communication and by reason of the entry of said forcible detainer judgment, "had already vacated and surrendered the apartment in compliance with that judgment." And defendant prayed that the confessed judgment be set aside, etc.

The present bill of exceptions discloses that during the trial no formal stipulation of facts was signed, but it was stipulated and agreed in open court in substance

that all allegations, as contained in defendant's petition, be considered as true; that prior to November 1, 1929, defendant, as lessee and occupant of the apartment under the lease, had always paid the monthly rent of $90, but not always on the first day of the month; that the sixteenth clause of the lease is as above stated; that in compliance with the forcible detainer judgment (of which he had notice) defendant moved out of the apartment on November 13th or 14th, —one or two days after the entry of that judgment; and that he was not forcibly dispossessed by any writ of restitution. There is nothing in the agreed facts, except the provisions for the payment of rent in the lease, to show that plaintiff suffered any damages by reason of defendant's vacation of the apartment on November 13th or 14th, in compliance with the forcible detainer judgment, or to show that, if any damages were suffered by plaintiff by reason of the apartment being vacant for the months of December, 1929, and January, 1930, plaintiff made any efforts to mitigate those damages by securing a new tenant for the apartment for those months.

Considering the stipulated facts as well as the provisions of the lease, we are of the opinion that the finding and judgment were right and that the judgment appealed from should be affirmed.

Counsel for plaintiff, in urging a reversal of the judgment, place great reliance upon the provisions of the sixteenth paragraph of the lease when taken in connection with holdings of our Supreme Court in the cases of *Grommes v. St. Paul Trust Co.*, 147 Ill. 634, and *Central Investment Co. v. Melick*, 267 Ill. 564, where somewhat similar provisions in a lease were involved. In the *Melick* case (p. 568), quoting from the *Grommes* case (p. 643) it is said: "There is nothing illegal or improper in an agreement that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding there has been a re-

entry for default, and if the parties choose to make such an agreement we see no reason why it should not be held to be valid as against both the tenant and his sureties. . . . It may not be strictly accurate or correct to call the money to be paid after re-entry rent, or to treat the lease as in force after a re-entry. But the parties have a right to fix the amount of the rent to accrue according to the terms of the lease as the amount of damages to be paid by the tenant in case of a breach of his covenants. It can make but little practical difference whether the sum agreed to be paid be called rent or damages.'' But in the *Grommes* case (p. 644) it is also said: ''We do not think that the provision in the lease against a forfeiture of the rents to be paid during the full term can be construed as authorizing the lessor to collect the subsequent rent both from the lessee named in the lease, and also from the tenant, to whom the lessor may re-let the premises. The provision does not contemplate the collection of double rent; but the rent due from the original lessee is to be credited with such rent as is realized from the re-letting. The lessor is entitled to such sum, as shall be equal to the rents required by the terms of the lease to be paid during the full term, and not to any greater sum.'' There is nothing in the agreed facts of the present case to show but that plaintiff, after defendant had moved out of the premises in compliance with the forcible detainer judgment, procured a new tenant and has received rent for the months of December, 1929, and January, 1930. Furthermore, it appears that defendant had always paid his rent for the months prior to November, 1929; that after he had received notice that plaintiff had commenced the forcible detainer suit, he immediately saw plaintiff's agents and tendered to them the November rent, but the tender was refused under plaintiff's instructions, and said suit thereafter was prosecuted to judgment; that in compliance with the judgment defendant moved out of the premises;

and that *after* he had done so plaintiff's policy seems to have undergone a change. Under the agreed facts we think that plaintiff should be held to have waived the provisions of the sixteenth paragraph of the lease and to be estopped from collecting any further rent from defendant; and that it should also be considered that plaintiff, in November, 1929, terminated the lease by his own acts. (See *Dunn v. Natenberg,* 208 Ill. App. 300; *Jefferys v. Hart,* 197 Ill. App. 514; *Johannes v. Kielgast,* 27 Ill. App. 576.)

The judgment order appealed from should be affirmed and it is so ordered.

*Affirmed.*

SCANLAN, P. J., and KERNER, J., concur.