ADAMS v. GRAHAM STAVE & HEADING CO.

(Division B. June 8, 1931. Suggestion of Error Overruled July 3, 1931.)

[135 So. 198. No. 29446.]

Creekmore & Creekmore, of Jackson, for appellant.

Watkins, Watkins & Eager, of Jackson, for appellee.

270

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Adams, was complainant in the court below and filed a suit against the Graham Stave & Heading Company, a corporation, and Eugene Graham, an individual, for five hundred dollars claimed to be due as an installment for rent on certain leased premises in the State of Louisiana, and for one hundred dollars as reasonable attorney's fee for bringing the suit, under the terms of contract providing a fee therefor.

The lease contract is somewhat lengthy, but provided that, for and in consideration of the prompt and faithful performance by the lessee of his agreements and covenants and the punctual payment by the lessee to the lessor of the rents reserved, the lessor leases certain properties to the lessee, the lessee being the Graham Stave and Heading Company, a corporation. The contract provided for two thousand five hundred dollars rent, five hundred dollars of which was paid in cash and five hundred dollars annually for the succeeding years, each five hundred dollars being paid at the beginning of the year. One stipulation was for a reasonable attorney's fee for collection for any one or more of the installments if not paid when due, and that the rents should be payable in advance each year. The lease also had a contract clause that the lessee should not at any time during the term subrent or sublease the premises, or any part of it, to any party or persons without the consent of the lessor, his heirs or assigns, indorsed thereon and duly signed, and that any failure of the lessee to abide by this provision would authorize the lessor, his heirs or assigns, to end and determine this lease and all rights of the lessee hereunder.

The Graham Stave & Heading Company subleased the property to one Bratton without the written consent of the lessor, Adams, and Bratton paid some of the rents to Adams, and Adams had knowledge of Bratton's occu-

pancy and the payment of the rent to the plaintiff by him prior to the cancellation of the contract by Adams. The rents were paid until the year 1929. The installment for the year beginning on the twelfth day of November of that year was not paid on that day. On the fourteenth of November, 1929, the appellant wrote the Graham Stave & Heading Company as follows: ''Your heading mill contract with me (said mill located at Greenville Station, Louisiana) calls for the payment of five hundred dollars November twelfth, 1929, and as yet I have not received your remittance, nor notice why you have failed to remit; you will here take notice that you have forfeited your contract, in not complying therewith. Very truly, John J. Adams.'' The appellee seems to have accepted this letter as release of the lease contract, and Mr. Bratton secured the consent of Mr. Adams for some material on the lease grounds to remain there for a short time until he could remove it. The lease contract did not, in terms, provide for the forfeiture of the lease for nonpayment of rent.

The provision for forfeiture contained in the lease on account of subletting or subrenting was waived, we think, by the transaction between parties and with knowledge of Adams, accepting payment of rent from Bratton with knowledge of the facts. It is perfectly competent for a person to waive a contract whether in writing or not, and it may waive the provision of a written contract by an oral contract either express or implied.

The chancery court held that there was no right of action in the appellant because he terminated the contract, and, as the other party acquiesced in it, the contract ceased to have operation after receipt of the letter above mentioned. The rent was due, it is true, at the time the letter was received, but the consideration of the rent was for the term to begin on the twelfth day of November for the year following that date, and as the

termination of the lease by the act of the lessor, acquiesced in by the lessee, prevented the receipt of the consideration for the rent, we think that the chancery court was correct in holding there was no liability. There was distinctly a failure of consideration brought about by the act of the lessor. He could not forfeit the lease and terminate it and have the use of the premises, and receive the compensation for the rent both. He had a right to elect either one of the two courses of conduct and action. When he chose to terminate the lease, and that choice was acquiesced in by the lessee, then his right to recover rent for the leased premises ceased.

It is argued that the rent being payable in advance was then due and a right of action existed in Adams for the recovery of the rent, and that his terminating the lease did not destroy this right. We think the failure of consideration brought about by the act of the lessor would prevent his recovering under such circumstances. It is not a case where his rent is due, and consideration of the rent has been received by the lessee, that the termination of a lease will not be defeated, but it is a case where there is a failure of consideration for the rent demand brought about by the deliberate election of the lessor to repossess the land rather than to resort to an action at law or a distress for the rent. We are aware of the fact that the nonpayment of rent at common law did not operate per se as a forfeiture of the term, or confer on the lessor the right of re-entry without a provision in the lease for forfeiture for nonpayment, but where the parties act with reference to the contract, that is to say where the lessor seeks to cancel a contract for the non-payment of the rent, and the lessee acquiesces therein and agrees thereto, the lease is abrogated, and the right of the lessor to collect is terminated, except as to rent already due, for which a con-

sideration has been received. We are therefore of the opinion that the chancery court reached the correct result, and the judgment will be affirmed.

Affirmed.