Thomas Broniewicz, Appellant, v. John Wysocki, Appellee.

Gen. No. 41,065.

McSurely, J., dissenting.

Opinion filed June 24, 1940.

John A. Dill, of Chicago, for appellant; Emil Seerup, of Chicago, of counsel.

Buzane, Berkos & Fillmore, of Chicago, for appellee; Davis P. Buzane and Ralph Marrandino, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

April 30, 1938 plaintiff as lessor and defendant as lessee, entered into a written lease whereby the second floor of a building in Chicago was leased to defendant for a period commencing April 30, 1938 and expiring April 29, 1939, at a rental of $36 per month, payable in advance. Defendant paid the rent for the first two months of the term but having failed to pay for the third month plaintiff on July 1 [the abstract erroneously shows July 18] 1938, served a five-day notice demanding payment of the rent due and that unless payment was made within five days "your Lease of said premises, will be terminated." Afterward the rent not having been paid, plaintiff brought an action of forcible detainer and had judgment on July 11, 1938. Defendant, within 10 days, vacated the premises in compliance with the judgment in the forcible detainer suit. May 19,

1939, plaintiff caused judgment by confession to be entered on the lease for $421.50, being rent for 10 months at $36 per month and $61.50 attorneys' fees. August 2, 1939, defendant filed an amended petition to vacate and set aside the judgment. Plaintiff filed an answer, the matter was heard by the court on the facts as stipulated, August 31, 1939, the judgment was reduced to $36, and plaintiff appeals.

The law is, and it seems to be conceded by both parties, that the obligation of the tenant to pay rent ceases when he is dispossessed by the landlord but that the tenant is not relieved in such case where there is an express covenant in the lease that the tenant will be liable for rent notwithstanding the re-entry of the landlord before the expiration of the term, and although the landlord has obtained judgment for possession in the forcible detainer suit. But counsel for defendant say: "The rule that where it is stipulated in the lease that the tenant shall remain liable for all rent to the end of the term notwithstanding there has been a re-entry for default, the obligation of the tenant is not released by a judgment for possession for the non-payment of rent applies to cases where the landlord elects to take advantage of the provisions in the lease by keeping the lease in force and effect, and not to cases where he elects to terminate and end the lease by his own acts." And in support of this the argument seems to be that the five-day notice given by plaintiff to defendant, as above mentioned, stated that unless the amount due was paid within five days "your Lease of said premises, will be terminated," and that if plaintiff desired to keep the lease alive, the notice should have stated "that unless the rent due is paid by a specified time 'your lease will be terminated under the terms of the said lease' or words to that effect." We think this argument is without substance and hypercritical.

Paragraph 16 of the lease provides: "Sixteenth.— The obligation of Lessee to pay the rent reserved hereby

during the balance of the term hereof, or during any extension hereof, or any hold-over tenancy created by acts of the parties shall not be deemed to be waived, released or terminated, nor shall the right and power to confess judgment given in clause fifteenth hereof be deemed to be waived or terminated, by the service of any five-day notice, other notice to collect, demand for possession, or notice that the tenancy hereby created will be terminated on the date therein named, the institution of any action of forcible detainer or ejectment or any judgment for possession that may be rendered in such action, or any other act or acts resulting in the termination of Lessee's right to possession of the demised premises. The Lessor may collect and receive any rent due from Lessee, and payment or receipt thereof shall not waive or affect any such notice, demand, suit or judgment, or in any manner whatsoever waive, affect, change, modify or alter any rights or remedies which Lessor may have by virtue hereof.'' There is nothing illegal or improper in such a provision of the lease. *Grommes v. St. Paul Trust Co.,* 147 Ill. 634, 641, 643; *Central Invest. Co. v. Melick,* 267 Ill. 564, 568; *Truly Warner Co. v. Royal Indem. Co.,* 259 Ill. App. 485; *Waller v. Wilson,* 282 Ill. App. 418.

In the *Grommes* case, ''The lease provides that, if the lessee shall fail to make any of the payments of rent, or to fulfill any of the covenants of the lease, it shall be lawful for the lessor to re-enter and take and hold possession 'without such re-entry working a forfeiture of the rents to be paid . . . by the party of the second part . . . during the full term of this lease.''' The court, in passing on this provision of the lease said (p. 643): ''There is nothing illegal or improper in an agreement, that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding there has been a re-entry for default; and, if the parties choose to make such an agreement, we see no reason why it should not be held to be valid.''

In the *Melick* case [267 Ill. 564, 568], after judgment in forcible detainer for the possession of the leased premises, suit was brought to recover rent after the premises were vacated which was after judgment in the forcible detainer suit. The lease contained a provision that in case the tenant defaulted in the payment of rent, the lessor had the right to re-enter and take possession "either by forcible entry, detainer proceedings or otherwise, and hold and enjoy the same fully and absolutely, without the re-entry working a forfeiture of the rents to be paid." And it was held that the provision of the lease was valid and the tenant was liable after he had vacated the premises. The court there said: "The case of *Grommes v. St. Paul Trust Co.*, 147 Ill. 634, is decisive of the second point raised. There was involved in that case a lease with practically the same provisions as those contained in the third clause of the lease here in question, and it was there said: 'There is nothing illegal or improper in an agreement that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding there has been a re-entry for default, and if the parties choose to make such an agreement we see no reason why it should not be held to be valid as against both the tenant and his sureties. . . . It may not be strictly accurate or correct to call the money to be paid after re-entry rent, or to treat the lease as in force after a re-entry. But the parties have a right to fix the amount of the rent to accrue according to the terms of the lease as the amount of damages to be paid by the tenant in case of a breach of his covenants. It can make but little practical difference whether the sum agreed to be paid be called rent or damages. It may be regarded as damages for the purposes of this suit.—*Hall v. Gould*, 13 N.Y. 127; *Underhill v. Collins*, 132 id. 269.' Whether, as the plaintiff in error contends, by bringing its action of forcible detainer under our statute the defendant in error elected to determine the lease is unimportant

under the holding in that case, as the amounts accruing after the re-entry are more properly regarded as the damages agreed upon between the parties in case of a breach of the covenants of the lease.''

Counsel for defendant cite a number of authorities including *Kandl v. Kandl*, 261 Ill. App. 76, upon which they seem to place chief reliance. In that case, judgment by confession was entered under the terms of the lease which contained a paragraph almost identical with paragraph 16, which is in the lease before us. The judgment by confession was opened, the matter heard and the court found in favor of defendant. Plaintiff landlord appealed, but the judgment was affirmed. In that case plaintiff had a judgment in a forcible detainer suit based on the failure of defendant to pay rent. A week after the judgment the tenant vacated. In that case plaintiff's renting agents wrote the tenant that they would expect the rent paid promptly on the first of each month beginning November 1. Four days after, without giving any further notice, they brought forcible detainer. As soon as the tenant was served in the forcible detainer case, he went to the renting agents, tendered them the rent for November but '' ' they refused to accept the money,'—informing defendant that they had been so instructed by plaintiff and also instructed 'not to accept any rent for said apartment.' '' That a week after the judgment was entered in the forcible detainer suit, defendant received another communication from plaintiff's attorneys to the effect that he ''would be allowed to remain in possession, *provided* he pay the November rent together with court costs, amounting to $8.'' At that time the tenant had already vacated and surrendered the apartment. The court then discusses the authorities and said that in compliance with the judgment in the forcible detainer case defendant had moved out of the premises ''and that *after* he had done so plaintiff's policy seems to have undergone a change.'' We think the facts in that case are not substantially the

same as in the case at bar. There the court holds that the conduct of the landlord showed he intended to terminate the lease, having refused to accept rent.

Under the holding in the *Grommes, Melick* and other cases above cited, we hold that defendant was not relieved of his obligation under the lease and the judgment of the municipal court of Chicago is reversed and the cause remanded with directions to reinstate the judgment entered by confession, no complaint having been made as to the amount of the judgment.

*Reversed and remanded with directions.*

Mr. Justice Matchett specially concurring :

The authorities support the views stated in the opinion of the Presiding Justice. The point made in the dissenting opinion is not argued in the briefs. I therefore concur in the judgment reversing and remanding.

Mr. Justice McSurely dissenting:

While conceding the applicability of the decisions which support paragraph 16 of the lease, in none of them was the point presented or considered as to whether this will prevail against the provisions of the statute. In *French v. Willer,* 126 Ill. 611, it was held that a power of attorney, in a lease, to confess judgment in a forcible detainer suit is unauthorized by law and void, the opinion saying (p. 620), " 'Parties can not by their contracts vary the procedure in courts of justice prescribed by the statute.' " This has been followed in other decisions in this State.

The Forcible Detainer statute (ch. 57, sec. 2), prescribes that the action may be maintained when any lessee holds possession without right "after the determination of the lease . . . by notice to quit or otherwise," and the Landlord and Tenant statute (ch. 80, sec. 8), provides that the landlord may serve notice on the tenant demanding payment of rent and unless payment is made within the time mentioned in the notice "the lease will be terminated," and if the tenant

shall not within the time mentioned pay the rent due, "the landlord may consider the lease ended, and sue for possession under the statute in relation to forcible entry and detainer. . . ." These provisions clearly lay down as a condition of maintaining the action of forcible detainer, the end or termination of the lease in its entirety, and applying the holding in *French v. Willer,* any provision in the lease inconsistent with the conditions stated in the statute is void.