ROBERTSON *v*. FULLER.

Division B.   Jan. 7, 1952.

No. 38148  (56 So. (2d) 74)

L. Percy Quinn, for appellant.

Harold Cox, for appellees.

Alexander, J.

Proceedings in unlawful entry and detainer were instituted by appellant to procure possession of certain

property occupied by appellees under lease by the former. The lease by Robertson was made to Fuller and Allen, as partners, who operated the property as the Bar-B-Q Pit. It was dated March 3, 1948, and was for a term of five years.

The basis of the action was the alleged assignment of the lease resulting in a vitiating breach of a covenant therein, and failure to refund premiums of insurance as required by the contract.

Subsequent to the lease Fuller acquired the interest of Allen and the former thereafter engaged one Clark with whom he continued the operation. Shortly thereafter the business was incorporated under the name of Bar-B-Q Pit, Inc. Fuller, Clark and the corporation were made defendants.

Among the pertinent provisions of the lease is a covenant against subletting without written consent, and we accept the view that, unless there is a waiver or consent by the lessor thereunto, this covenant of the lease was violated, resulting in a forfeiture thereof.

We dispose at the outset of the contention that the appellees were without authority to appropriate the existing name and "good will" of the business by incorporation thereunder. This is not a proceeding in which such contention is relevant or may appropriately be decided.

The lessees were required under Paragraph 8 of their contract to expend $1,000 upon repairs and betterments. They expended in fact $7,373.03.

Paragraph 8 of the lease is as follows: "The said parties of the second part agree to reimburse the party of the first part for all premiums of insurance on said property herein described when the said party of the first part shall present to the parties of the second part receipted bills showing the said premiums of insurance to have been duly paid."

At the time the lease was executed there was insurance thereon in the sum of $6,000. The next year

it was raised to $9,000. Premiums on both policies were paid by the lessees. The testimony indicates that insurance in excess of the sum of $10,000 was not available upon the property as leased. Appellant agreed that in 1949 the sum of $9,000 was sufficient and satisfactory. Appellant, after certain improvements had been made by lessees, increased the insurance on the entire property to about $22,000, and the refusal of lessees to refund the full amount of the premium thereon is made a basis for declaring a forfeiture under Paragraph 8. Appellees offered to pay the premium upon a coverage of $10,000, which the record indicates was a maximum appraisal of the property as leased. Tender of such premium is made. We agree with the county judge who heard the cause without a jury that there was no breach of the lease contract in this respect.

In view of the fact that there was no written consent by the lessor to a subletting of the property, an examination of this assignment is required. As stated above, the courts have uniformly upheld such omission as a ground of forfeiture. However, appellees contend that the lessor had waived this requirement, and that by his knowledge and conduct is estopped to assert forfeiture. The record discloses that Robertson knew of Fuller's purpose to buy out the interest of Allen, and upon being apprised of such purpose and the reasons therefor, approved it and stated that "it was the thing to do." When told of a further purpose of Fuller to take Clark into the business, the lessor said that "it was all right", and that he "wanted to see me (Fuller) make some money."

When the matter of incorporating the business was discussed with Robertson and the reasons for such course explained, he stated "That is a pretty good idea, a smart thing to do." This was in August 1948. Thereafter, all the monthly rentals were paid, most of which by checks drawn by the corporation. Robertson accepted, endorsed and cashed or deposited these. Notice to vacate was

given under date of June 7, 1949, the bases for such action being set out as a violation of the subletting covenant, and the failure to pay the insurance upon the policy of approximately $22,000. Upon refusal to vacate, this action was instituted. This appeal is from a judgment of the circuit court which affirmed a judgment of the county court in favor of the defendants.

Although there is some denial by Robertson of the matters set out above showing knowledge, consent and waiver, we find that the county court was in no error in resolving this issue of fact in favor of the lessees. Adams v. Graham Stave & Heading Company, 160 Miss. 266, 135 So. 198; 51 C. J. S., Landlord and Tenant, Sec. 117, p. 703.

Affirmed.