No. 13641

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

KENNETH K. KNIGHT and
GRACE L. KNIGHT, his wife,

Plaintiffs and Appellants,

-vs-

OMI CORPORATION et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellants:

Dzivi, Conklin, Johnson and Nybo, Great Falls,
Montana
William Conklin argued, Great Falls, Montana
McDonald & Blackwood, Livingston, Montana

For Respondents:

Church, Harris, Johnson and Williams, Great Falls,
Montana
Earl J. Hanson argued, Great Falls, Montana

---

Submitted: June 2, 1977
Decided: AUG 3 0 1977

Filed: AUG 3 0 1977

*Thomas J. Kearney*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs Kenneth K. Knight and Grace L. Knight appeal from a judgment entered pursuant to an order granting partial summary judgment to defendant OMI Corporation (OMI) in the district court, Park County. The district court ruled that under the language of a lease between plaintiffs, as lessors, and OMI as lessee, plaintiffs were entitled to neither future rentals nor damages based upon future rentals following plaintiffs' cancellation of the lease.

The action concerns the lease of a motel, restaurant, and bar complex in Livingston, Montana. On November 27, 1973, plaintiffs entered into a twenty year lease and supplemental agreement with J. Reid Hoggan, Patrick R. Hoggan, and Kent A. Hoggan, doing business as a partnership. On June 26, 1974, Hoggans assigned their interest in the lease and the supplemental agreement to defendant OMI. Plaintiffs consented to this assignment in an "Acknowledgement and Consent" dated April 15, 1975. OMI became delinquent in its rent payments for the months of September, October, and November 1975 and plaintiffs delivered written notice of their intention to cancel the lease. Following plaintiffs' voluntary termination of the lease, on December 15, 1975 they reentered and took full possession of the property.

On January 27, 1976, plaintiffs filed the instant action seeking damages for being deprived of future rent throughout the entire term of the lease, less any sums recoverable in mitigation thereof. On August 20, 1976, OMI filed a motion for partial summary judgment raising the issue of whether plaintiffs could recover future rentals after termination of the lease.

- 2 -

Thereafter plaintiffs filed their motion for partial summary judgment on the issue of future rentals after termination. The issue was briefed and argued by the parties and the district court issued its opinion and order granting OMI's motion for partial summary judgment on October 26, 1976. Final judgment on the order was entered on November 22, 1976. Plaintiffs appeal.

Plaintiffs, on appeal, present two issues for review:

(1) Whether the lease at issue contains any savings clause preserving lessor's right upon breach by lessee to sue lessee for damages based upon rent falling due after cancellation of the lease.

(2) Whether such a savings clause is a prerequisite to the right of lessor to sue the breaching lessee for damages based on rent falling due after cancellation.

The parties agree that generally, following forfeiture, cancellation of a lease and reentry by the landlord terminates the lease and with it all obligations, covenants, and stipulations dependent upon continuation of the term. 49 Am Jur 2d, Landlord and Tenant, §1054; Bonnet v. Seekins, 126 Mont. 24, 30, 243 P.2d 317.

There is also no dispute that a lease may provide for the performance of certain obligations or impose certain liabilities after forfeiture. Such a provision, a savings clause, gives the landlord the right to reenter and resume possession of the demised premises following nonpayment of rent and to hold the tenant still liable for subsequently accruing rents or for any deficiency in the rent resulting from reletting. 49 Am Jur 2d, Landlord and Tenant, §1055. Provisions preserving the landlord's right to recover future rent have been given effect in many

- 3 -

jurisdictions. See: McIntosh v. Gitomer, (D.C. Municipal Court of Appeals 1956), 120 A.2d 205, 206; Broniewicz v. Wysocki, 306 Ill.App. 187, 28 N.E.2d 283,284; Walling v. Christie & Hobby, Inc., (1932, Tex.Civ.App.), 54 S.W.2d 186,188.

In the absence of clear language expressly preserving such right, courts generally will not construe a lease as providing that, upon reentry or forfeiture, the tenant shall remain liable for unaccrued rent. Anno. 99 A.L.R. 42,45; Grommes v. St. Paul Trust Co., 147 Ill. 634, 35 N.E. 820, 822 (1893); Rohrt v. Kelley Manufacturing Company, 162 Tex. 534, 349 S.W.2d 95,98 (1961).

Plaintiffs contend two clauses of the lease in issue expressly preserve their right to recover future rent or damages based upon future rent following cancellation and reentry. The pertinent language, from the default provision, states:

"15. DEFAULT

"* * *

   "If an event of default as provided above shall occur, Lessor shall have the right, on notice, immediately to cancel this lease, and the lease shall immediately terminate, and Lessor shall have the immediate right to re-enter and repossess the demised premises * * * and Lessor may re-enter the demised premises, and remove all persons therefrom without being guilty of trespass and without prejudice to any remedies for accrued rents or damages * * *.

"* * *

   "In addition to the right of Lessor to cancel the lease as above provided for in this Section and without waiver of such right, Lessor may sue Lessee for damages for non-compliance with any covenant, agreement or warranty contained in this lease or for non-payment of such sum required to be paid by Lessee to Lessor or for specific performance of any covenant of this lease. * * *"
(Emphasis added.)

- 4 -

Plaintiffs argue that under the first paragraph above, which provides that the lessor is authorized to reenter the premises "without prejudice to any remedies for accrued rents or damages" they have a right to recover, as damages, future unaccrued rent.

Cases cited by plaintiffs in support of this argument are clearly distinguishable from the instant case. In C.D. Stimson Co. v. Porter, (10th Cir.1952) 195 F.2d 410, the lessor's claim was founded on federal bankruptcy law which allows claims based on unexpired lease terms. In United States Rubber Company v. White Tire Company, 231 S.C. 84, 97 S.E.2d 403 (1956), and in Employment Advisors, Inc. v. Sparks (1963 Tex.Civ.App.), 364 S.W.2d 478, the lessee abandoned the premises prior to the lessor's reentry.

This clause does give plaintiffs the right to cancel and reenter without losing their right to recover rent and damages accrued to the time of cancellation. It cannot reasonably be interpreted to continue defendant's obligation to pay rent following cancellation under the theory that in this context, "damages" by definition includes future rent.

Plaintiffs argue the second paragraph quoted from the default provision, gives them the right to sue "for damages for non-compliance with any covenant  * * * or for non-payment of such sum required to be paid" and the right to recover future rent in addition to their right to cancel the lease. No such sure interpretation follows from the language of the clause. If plaintiffs desired to preserve their right to recover damages for nonpayment of rent whether or not and before or after the lease has been cancelled, they should have so stated. This clause

- 5 -

does not expressly continue defendant's liability for rent unaccrued at the time of cancellation and reentry by plaintiffs.

Plaintiffs contend even if the lease does not expressly preserve their right to recover future rent, it can be so construed as to contemplate such recovery. We hold, however, a lease must contain clear language to the effect that a tenant is to remain liable for rent accruing subsequent to the land-lord's cancellation, if such liability is to be imposed. Here, the lease language was not clear; it is therefore unnecessary to resort to construction of the lease to find whether or not such a savings clause was intended.

Finally, plaintiffs argue the lease in issue should be treated as a contract rather than a conveyance of an interest in land. They cite Wright v. Baumann, 239 Or.410, 398 P.2d 119, which concerned the duty of a lessor to mitigate damages following the lessee's repudiation of a contract to make a lease. In Wright the court indicated the business lease transaction in-volved was "essentially" a contract, and that contract law principles would apply.

The present case involves a lease, not a contract to make a lease. Plaintiffs contend Wright supports the argument that following cancellation for nonpayment of rent, damages based on rent due for the entire term of the lease should be recover-able. Whether or not plaintiffs' contention is correct, we reject the argument that contract principles apply in this context. Section 17-301, R.C.M. 1947, pertaining to the measure of damages for breach of contract, is also not applicable here.

As stated, the general rule is that cancellation and reentry by the landlord, as in the present case, terminates the lease agreement. A savings clause imposes a special liability on the tenant which would otherwise not exist. To have effect, a savings clause must be explicit as to the right reserved. The language here was not explicit, and the decision of the district court was correct.

Judgment is affirmed.

_____
Justice.

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 7 -