**Phil AIGNER, a/k/a Phillip R. Aigner, Petitioner,**

v.

**COWELL SALES COMPANY, a Colorado corporation, Respondent.**

**No. 81SC215.**

Supreme Court of Colorado, En Banc.

April 4, 1983.

A. Daniel Rooney, Aurora, for petitioner.

Phyllis G. Knight, Huntington C. Brown, Denver, for respondent.

ROVIRA, Justice.

We granted certiorari to review a decision of the court of appeals holding the petitioner, Phil Aigner, liable for rent. *Cowell Sales Co. v. Aigner,* 634 P.2d 997 (Colo. App.1981). We affirm in part and reverse in part.

The respondent, Cowell Sales Co. (Cowell or landlord), leased two units in an Arvada shopping center to petitioner to be used as a laundry. The term of the lease was from May 5, 1978, until April 30, 1981. The monthly rent specified in the lease agreement was $733.33 for one unit and $333.33 for the other.

On May 2, 1979, Cowell served Aigner a "Demand For Payment Of Rent Or Possession" because Aigner was delinquent in his rent. The notice stated, in pertinent part, that the tenant should, within three days, "either pay [rent due] or deliver to the undersigned the possession of said premises." Within the three-day period specified in the notice, Aigner removed his equipment and vacated the premises. Cowell then posted a "for rent" sign and on August 1, 1979, leased the premises to a new tenant.

Cowell subsequently brought an action against Aigner to recover rent due under the lease for the months of May, June, and July 1979. The trial court entered judgment in favor of Cowell for $3,187.88, the full amount of the rent for these three months.

Aigner appealed to the court of appeals, arguing that the "Demand For Payment Of Rent Or Possession" constituted an election of remedies on the part of the landlord and that the lease was thus terminated, relieving him of liability for subsequently accruing rent. The court of appeals disagreed, relying on certain language in the lease agreement.

The meaning and effect of two paragraphs in the lease are at issue here. The first paragraph states, in pertinent part:

"[I]f the rent above reserved, or any part thereof, shall be in default . . . the said landlord may declare this lease terminated, and after the expiration of three days from the date of the service of a written notice to that effect, be entitled to the possession of said premises without any further notice or demand. . . ."

The relevant part of the second paragraph states:

"[I]n case said premises are left vacant and any part of the rent herein reserved be due and unpaid, then the landlord may, without in anywise being obliged so to do, and without terminating the lease, retake possession of said premises and rent the same for such rent, and upon such conditions as the landlord may think best, making such changes and repairs as may be required, giving credit for the amount of rent so received less all expenses of such changes and repairs, and said tenant shall be liable for the balance of the rent herein reserved until the expiration of this lease."

The court of appeals held that the second quoted paragraph gave the landlord the right to collect rent accruing after Aigner quit the premises. However, we do not believe that this paragraph governs under the circumstances of this case. We agree with the dissent in the court of appeals that the second paragraph applies only when the tenant unilaterally vacates or abandons the premises and the landlord does not accept the premises as a surrender.

The general rule in Colorado is that a notice to pay or quit constitutes an election by the landlord to terminate the lease unless the notice is rendered ineffective by the tenant's payment of rent. *Barlow v. Hoffman,* 103 Colo. 286, 86 P.2d 239 (1938). The facts in *Barlow* are similar to those in the case before us. Hoffman leased certain property to Barlow, who fell behind in his

rent. Hoffman sent a notice to pay or quit. We held that the lessor's notice was "analogous to a notice which one who is a party to any terminable contract gives in order to rescind it at law, as distinguished from equity." 103 Colo. at 291, 86 P.2d at 241. We relied on section 4, c. 70, '35 C.S.A., which provided that "a failure to pay such rent, upon demand, whenever made, shall work a forfeiture." This language is essentially the same as the present section 13–40–104(1)(d), C.R.S.1973. Moreover, the applicable provisions of the lease and the demand to pay or quit in *Barlow* were substantially identical to those in the case before us.

The court of appeals held that the general rule concerning the effect of such notice was avoided by the second paragraph quoted above, which stated that if the premises were "left vacant" the landlord could take possession and hold the tenant liable for subsequent rent.

 Any lease provision providing for continuing liability for rent after the tenant's quitting of the premises pursuant to notice must be strictly construed. *Knight v. OMI Corp.*, 174 Mont. 72, 568 P.2d 552 (1977); *Walling v. Christie & Hobby, Inc.*, 54 S.W.2d 186 (Tex.Civ.App.1932). As the Supreme Court of Montana stated in *Knight, supra*, "In the absence of clear language expressly preserving such right, courts generally will not construe a lease as providing that, upon reentry or forfeiture, the tenant shall remain liable for unaccrued rent." 174 Mont. at 75, 568 P.2d at 554. There is no such express provision in the lease at issue here. Consequently the general rule applies, and the tenant is liable for rent only through the date he quit the premises.

The judgment of the court of appeals is therefore reversed to the extent that it provided for rent after Aigner quit the premises, and affirmed to the extent that it provided for rent prior to that date.