441 So.2d 1383 (1983)
Kenneth FREY & Buell M. Nunnery, Jr.
v.
Lucille A. ABDO.
No. 54633.
Supreme Court of Mississippi.
December 21, 1983.
*1384 R.V. Kimble, Jr., Harty & Kimble, Greenville, for appellant.
Philip B. Terney, Robertshaw & Merideth, Greenville, for appellee.
Before BROOM, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
BROOM, Presiding Justice, for the Court:
Lease contract interpretation: whether, after default in rent payments, lessee is liable for future rents, is the salient feature of this case appealed from the Circuit Court of Washington County, the Honorable Gray Evans, circuit judge, presiding. Jury trial was waived. Key language of the lease contract is the following:
It is further agreed that in default of any one or more of said rental payments, or any part thereof, this lease may be declared forfeited by the Lessor at her option, in which event the Lessee shall be liable for all rents remaining unpaid under this lease agreement... .
When the lessee failed to pay the monthly rent due in June, 1982, the lessor sued for rent for the remainder term of the lease contract. Ruling of the lower court was that the lessee was liable for all remaining unpaid rent, including rent already accrued when the lease was declared forfeited, plus that to accrue under the remaining thirteen months, until the end of the lease term.
The lease in controversy is dated September 2, 1980, and by its terms Lucille A. Abdo leased certain property to Farm and Home Supply, Inc. A primary three-year term was provided by the contract with rent payments of $1500 per month. Payments were timely made until June, 1982, *1385 when lessee Farm and Home failed to pay the rent and no further payments have been made. When Farm and Home failed to pay the rent due in June, 1982, Mrs. Abdo filed suit to collect rent for the remainder of the term. Farm and Home and its guarantors, the appellants, Kenneth Frey and Buell M. Nunnery, Jr., defended on the ground that under the terms of the lease no rent was owed except for the amount past due at the time suit was filed.
Before us for decision is the following question: Under the lease contract are the lessee and its guarantors liable for remaining rent payments coming due after lessor Mrs. Abdo filed the suit? Stated differently, are the lessee and its guarantors relieved of liability because the lessor, Mrs. Abdo, declared the lease forfeited and sued to collect all rents due for the entire term?
Appellants Frey and Nunnery, guarantors of the lessee's rent payments, initially argue that the trial court erred in accelerating payments not yet due, and they assert that nowhere in the lease contract does the time of the accrual of any liability change. Without such an acceleration clause the lessor, upon default by lessee, would generally have to wait until each installment is due before suing for that particular installment. See, e.g., 52 C.J.S., Landlord and Tenant § 568, p. 742 fn. 8 (1968); Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884, 885, fn. 2 (Fla.App. 1979). Some courts, however, are reluctant to enforce acceleration clauses in leases reasoning that they create an "unenforceable penalty". 49 Am.Jur.2d, Landlord and Tenant, § 558, p. 538 (1970). In this regard, the immediate discussion will be concerned with the narrow query of whether this particular lease contained such a clause.
In interpreting an acceleration clause in a mortgage contract, we previously stated,
It is a recognized principle that a contract to accelerate the maturity of a debt gives a harsh remedy, and that in order to be effective, it should be clear and unequivocal, and that if there is a reasonable doubt as to the meaning of the language employed, preference should be given to that construction which will prevent the acceleration of maturity.
Boatright v. Horton, 227 Miss. 698, 708-09, 86 So.2d 864, 868 (1956). See also Adams v. Graham Stave and Heading Co., 160 Miss. 266, 135 So. 198 (1931). Thus, in order to find an acceleration clause in the instant lease agreement, the contractual language must clearly and unequivocally set forth such a clause. Careful reading of the above-quoted passage of the lease reveals no such clearly and unequivocally stated clause. Reasonable interpretation of the quoted provision allows lessor, upon the default by the lessee, to forfeit the lease, but whether it allows acceleration of amounts to become due in the future is not clearly stated. The provision could give two results: (1) the Lessor could immediately collect all the payments that are past due, or (2) the lessor could immediately collect all payments that the lease provides for  both past due and due in the future.[1]
Inasmuch as the lease is susceptible to two interpretations, the rule of Boatright v. Horton, supra, resolves the doubt in favor of that construction which would prevent acceleration. Thus we hold that the lease agreement did not contain an acceleration clause and any payment not yet due before suit was brought was not yet actionable.
Like the preference with regard to acceleration clauses, "[i]n the absence of clear language to that effect, Courts will not construe a lease as providing that upon reentry or forfeiture, the tenant shall remain liable for unaccrued rent." 49 Am.Jur.2d Landlord and Tenant § 1056, p. 1021 (1970). (emphasis added). See also Knight v. OMI Corporation, 568 P.2d 552 (Mont. 1977); Rohrt v. Kelly Mfg. Co., 162 Tex. 534, 349 S.W.2d 95 (1961). Here, lessor Abdo's contention to the contrary notwithstanding, the lease agreement is not clear. Not persuasive is her contention that inclusion *1386 of the word "all" makes the language clear. The lease uses the term "all rents remaining unpaid" in the same sentence in which it speaks of default of one or more past rental payments. Thus, the lease is simply not clear as to whether the lessee remains liable for "all" rents accrued and unpaid (past) at the time of default, or "all" rents unpaid at time of default, whether accrued or not. In the absence of clear and unambiguous language imposing liability upon lessee for future rents as well as past rents on the default, we will construe the present lease so as not to impose such a liability on the lessee.
Having decided that the lease in question does not contain an acceleration clause nor expressly preserve the lessor's right to collect future unaccrued rents upon default of the lessee, we adopt the following rule as dispositive of the instant case:
It is the general rule that the termination of a lease does not terminate accrued liabilities, including accrued rent, even under a provision or option for termination, but it does terminate liabilities to accrue in the future, such as rent, except where by express provision in the lease termination is not to affect the accrual of such liabilities.
49 Am.Jur. Landlord and Tenant, § 1013, p. 985 (1970). Thus we do not reach the issue of whether lease agreements as well as possession of the demise upon the default of lessee are valid and enforceable. We point out that cases on this issue are conflicting. See Adams v. Graham Stave and Heading Co., supra; 52 C.J.S. Landlord and Tenant § 568 p. 742 (1968).
Accordingly, we affirm the lower court's holding the lessee and guarantors liable for all rentals at issue which accrued before the lessor filed suit on July 28, 1982, and declared the lease forfeited. We reverse and render as to the judgment providing liability of the lessee and guarantors (appellants) for rentals accruing subsequent to July 28, 1982.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Generally, when the lessor elects to forfeit and terminate the lease because of the lessee's default, the lessee is absolved from all further liability. This rule would seem to give support to the interpretation that all of the past due amounts become immediately payable.