The FIRST NATIONAL BANK OF BOSTON, as Trustee of the Pooled Real Estate Investment Fund, Plaintiff-Appellee,

v.

Edward D. DYKSTRA, d/b/a McGraw's Paint and Wallcovering, Defendant-Appellant.

No. 83CA1006.

Colorado Court of Appeals, Div. II.

June 28, 1984.

Berniger, Berg, Sterling, Rioth & Diver, Joseph W. Diver, Colorado Springs, for plaintiff-appellee.

Gerald D. Sjaastad, Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

Defendant, Edward D. Dykstra (tenant), appeals a judgment for $8,183.68 entered against him and in favor of plaintiff, First National Bank of Boston (landlord). We affirm.

In March 1982, the parties entered into a three year lease. Tenant did not pay the rent for November and December. On De-cember 14, landlord served tenant with a "demand for payment of rent or posses-sion," requiring that tenant within three days pay the rent due or deliver possession of the leased premises. Tenant vacated December 17.

Later in December, landlord filed this action, seeking (1) the unpaid rent, late charges, and common area expenses for November and December 1982, (2) rent and common area expenses for the remainder of the lease or until the premises were relet, and (3) costs and expenses of relet-ting and attorney's fees. In April 1983, the premises were relet for a higher rent.

Tenant claimed that service of the de-mand for payment of rent or possession by landlord constituted an irrevocable election of remedies and terminated the lease and that, therefore, he owed only the accrued rent and common area expenses for the period to and including the date he vacated the premises. Landlord, on the other hand, argued that, under provisions of the lease entitled "Default by Tenant" and "Reme-dies," tenant is liable for landlord's losses, including rent and common area expenses until the premises were relet. The trial court agreed with landlord's position, and judgment was entered accordingly.

The same contentions are reiterated by the parties on appeal. We agree with the trial court.

■ The general rule is that, in the absence of express provisions in the lease granting the landlord the right, upon reen-try or forfeiture, to look to the tenant for unaccrued rent, a tenant who vacates the premises in compliance with landlord's no-tice to pay or quit is not liable for rent due under a lease for subsequent months dur-ing which landlord was unable to rent the premises. *Aigner v. Cowell Sales Co.*, 660 P.2d 907 (Colo.1983). However, the lease here provides that upon the occurrence of any of the events of default, such as non-payment of rent, landlord may terminate the lease by written notice to tenant and "may recover from tenant all damages it may incur by reason of tenant's breach,

including the cost of recovering the premises, reasonable attorney's fees and ... the amount of rent and charges ... reserved in this lease for the remainder of the stated term."

By the above provisions, the general rule set forth in *Aigner, supra,* is inapplicable. Here, compliance with the demand for payment of rent or possession did not terminate tenant's liability. He remained liable for the rent and other charges as specified in the lease after he vacated until landlord relet the premises.

The other contentions of tenant are without merit.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.