No. 02-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 299N

TSI, INC.,

        Plaintiff and Appellant,

    v.

AMERICAN GEM CORPORATION,
a Montana corporation,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 99-1421,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Robert J. Emmons, Emmons & Sullivan, Great Falls, Montana

        For Respondent:

        Charles Hansberry, Holland & Hart, Billings, Montana

Submitted on Briefs:  October 17, 2002

Decided:  October 30, 2003

Filed:

                                                  
                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Following entry of summary judgment in favor of TSI, INC. (TSI), and a damage hearing, the District Court for the Eighth Judicial District Court, Cascade County, entered judgment against American Gem Corporation (AGC) in the amount of $56,377.31 for damages arising out of AGC's breach of the parties' commercial lease agreement. TSI then moved to amend the judgment to include additional damages sustained during the term of the lease after termination, which the District Court denied. TSI appeals from the denial of its motion to amend judgment. We affirm.

¶3 We restate the issues on appeal as follows:

¶4 1. Did the District Court err when it denied TSI's motion to amend the judgment to allow recovery of all rents and interest accrued from the termination of the lease until the end of the lease term because AGC failed to plead "election of remedies" as a defense?

¶5 2. Did the District Court err in relying on the April 1, 1998 letter giving notice of lease termination when the letter was not introduced into evidence at the hearing on mitigation of damages?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6      TSI and AGC entered into a five-year lease beginning on April 1, 1996, for the bottom floor of a commercial building. Under the terms of the lease, AGC was to pay TSI $4,185.00 per month. Thereafter, AGC experienced financial difficulties and vacated the premises on or about November 10, 1997.

¶7      On April 1, 1998, TSI sent a letter to AGC indicating that it had "elected to terminate the Lease Agreement." TSI rented the premises to another tenant from May 1998 to November 1999. After that tenancy had terminated, TSI brought suit against AGC seeking compensation for unpaid rents, utilities, real estate taxes and insurance premiums for the entire five-year term of the lease.

¶8      TSI filed a motion for summary judgment on liability, which was granted on July 31, 2001, wherein the District Court concluded that AGC had breached the lease agreement as a matter of law. The parties then stipulated to the maximum amount of damages under the lease and a hearing was held to determine whether TSI had failed to mitigate damages. According to the parties' stipulation, AGC was responsible for $153,620 in rent, utilities, taxes, insurance; $26,090.60 in interest; $4,700 in attorney fees; and $184 for costs. After the hearing on damage mitigation, the District Court held that the agreement did not contain any provisions which expressly preserved TSI's right to recover unaccrued rent, utilities, insurance, or taxes past April 1, 1998, the date TSI had terminated the lease. Therefore, the court entered judgment against AGC for $37,661.66 for rent, utilities, interest, and taxes;

3

$13,831.65 in prejudgment interest; $4,700 for attorney fees; and $184.00 in costs, totaling $56,377.31.

¶9    TSI moved, pursuant to Rule 52(b), M.R.Civ.P., to amend the judgment to recover all unpaid rents and interest accrued from April 1, 1998, until the end of the lease term because AGC had failed to plead election of remedies.  The District Court denied TSI's motion. TSI appeals on the same grounds.

## STANDARD OF REVIEW

¶10    The amendment of a judgment is within the discretion of a district court, thus we review a court's grant or denial of a motion to amend for an abuse of discretion.  *Campbell v. Canty*, 1998 MT 278, ¶ 35, 291 Mont. 398, ¶ 35, 969 P.2d 268, ¶ 35 (citing *Bevacqua v. Union Pacific R. Co.*, 1998 MT 120, ¶ 36,  289 Mont. 36, ¶ 36, 960 P.2d 273, ¶ 36; *Estate of Nielsen v. Pardis* (1994), 265 Mont. 470, 478, 878 P.2d 234, 238).

## DISCUSSION

## ISSUE 1

¶11    *Did the District Court err when it denied TSI's motion to amend the judgment to allow recovery of  all rents and interest accrued from the termination of the lease until the end of the lease term because AGC failed to plead "election of remedies" as a defense?*

¶12    TSI argues that "election of remedies" is an affirmative defense, and because TSI did not make an election of remedies in its complaint,[1] it was necessary for AGC to affirmatively raise the defense in AGC's answer.  Because AGC did not assert the defense, TSI contends

---

[1]TSI merely alleged in its complaint that AGC breached the lease and that, therefore, TSI was entitled to damages.

4

that it is entitled to unpaid rents, utilities, real estate taxes, and insurance premiums for the entire lease term as damages.

¶13 AGC argues that the District Court did not abuse its discretion when it denied TSI's motion to amend the judgment because it was not necessary for election of remedies to be pled as an affirmative defense under these circumstances, and that our case law makes it clear that TSI is not entitled to such unaccrued rents.

¶14 In *LIC, Inc. v. Baltrusch* (1985), 215 Mont. 44, 692 P.2d 1264, this Court allowed the lessor to obtain damages for the entire period of a lease agreement because the agreement contained a savings clause which provided that the lessor could terminate the lease and recover the balance of rents for which the tenant was obligated under the lease. However, in *Knight v. OMI Corp.* (1977), 174 Mont. 72, 568 P.2d 552, and *Grenfell v. Anderson*, 1999 MT 272, 296 Mont. 474, 989 P.2d 818, we concluded that the lessor in each case was not entitled to recover unaccrued rents beyond repossession or cancellation. In *Knight*, the lease stipulated that in the event of lessee's default, lessor could cancel the lease and reenter "without prejudice to any remedies for *accrued* rents or damages (emphasis added)." *Knight*, 174 Mont. at 76, 568 P.2d at 554. In *Grenfell*, the lease stipulated that when the landlord took possession, "the landlord was entitled to 'enjoy' the premises 'as if the lease had not been made,' reserving the right to 'recover from Lessee all rent due *up to the time of such entry*' (emphasis added)." *Grenfell*, ¶ 53.

¶15 We have held that "a savings clause must be explicit as to the right reserved." *Knight,* 174 Mont. at 77, 568 P.2d at 555. Here, the lease agreement between TSI and AGC

5

contained no explicit savings clause. The lease states that if AGC fails to pay rent and TSI terminates the agreement, TSI can hold "[l]essee for damages for its breach." This language cannot be construed as a savings clause which entitles TSI to collect unaccrued rents. In the absence of clear language expressly preserving the right to unaccrued rents, the tenant will not remain liable for unaccrued rents. *Knight*, 174 Mont. at 75, 568 P.2d at 554; *Grenfell*, ¶ 53. Thus, the District Court did not err in denying TSI's request for damages incurred following termination of the lease.

## ISSUE 2

¶16 *Did the District Court err in relying on the April 1, 1998 letter giving notice of lease termination when the letter was not introduced into evidence at the hearing on mitigation of damages?*

¶17 In its reply brief, TSI has argued the District Court erred by relying on its April 1, 1998 letter giving notice to AGC of termination of the lease because the letter was never admitted into evidence. Although not raised as an issue on appeal or addressed in its initial brief, TSI urges us to review the issue pursuant to the plain error doctrine. However, "Rule 23(c), M.R.App.P., provides that an appellant's reply brief must be confined to new matter raised in the respondent's brief; thus, an appellant may not raise new issues in a reply brief." *Pengra v. State*, 2000 MT 291, ¶ 13, 302 Mont. 276, ¶ 13, 14 P.3d 499, ¶ 13 (citing *Denend v. Bradford Roofing & Insulation* (1985), 218 Mont. 505, 509-10, 710 P.2d 61, 64). We do not address the merits of an issue presented for the first time in a reply brief on appeal. *Pengra, ¶* 13 (citing *Loney v. Milodragovich, Dale & Dye, P.C.* (1995), 273 Mont. 506, 512,

6

905 P.2d 158, 162). TSI's failure to properly raise or brief this issue on appeal has waived the issue, and we decline to address it by way of plain error review.

¶18    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER